LITTLEFIELD & BROTHER *vs.* CLARY.

A mortgage is not such an evidence of indebtedness as is contemplated by the act of 1876 (p. 101) providing for the summary establishment of any lost " bond, bill, note, draft, check, or other evidence of in-debtedness."

Mortgage. Jurisdiction. Lost Papers. Before Judge MERSHON. Ware Superior Court. October Term, 1880.

A mortgage *fi. fa.* in favor of Littlefield & Bro., against Buchanan & Knowles, was levied on a certain steam saw-mill, which was claimed by Clary. The original mortgage and note were lost, and copies were established before the ordinary by the summary proceeding provided by the act of 1876. On the trial the claimant objected to the admis-

sion in evidence of the mortgage *fi. fa.*, on the ground that the copy mortgage on which it was based could not be thus summarily established. The objection was sustained, and plaintiffs' case having been dismissed, they excepted.

GOODYEAR, HARRIS & KAY, by brief, for plaintiffs in error.

No appearance for defendant.

JACKSON, Chief Justice.

The sole question made by this record is whether the court of ordinary had jurisdiction to establish a copy of the lost mortgage under the act of 1876, codified in the supplement to the Code, §§420–1–2–3. The act of 1876 repealed that of 1866, codified in Code, §§3993–4–5. The effect is to transfer powers, granted generally to officers who could administer an oath summarily to establish certain lost papers, to the ordinary. The words are the same in both cases, so far as they describe the lost papers, copies of which may be established in this summary manner, and are "any bond, note, bill, draft, check, or other evidence of indebtedness." The question is, are mortgages other evidences of debt in the meaning of this statute and that which it repeals and substitutes. A mortgage is "a security for debt," according to our Code, and not, strictly speaking, a mere evidence of indebtedness. It is a deed, defeasible if the debt be paid, but still a deed to secure the debt. It is very different from a bond, bill, note, draft, or check, and not a mere evidence of debt. It is a lien, it binds the property in it; and is a much more solemn and binding instrument than any simple "evidence of indebtedness." We think, therefore, that it was not the intention of the general assembly to embrace the establishment of a copy of such a paper in the loose and sum-

mary manner authorized by the act of 1866, and it is clear that the act of 1876 embraces only such evidences of debt as those meant in the act of 1866. The judgment of the court below must, therefore, be affirmed.