4428.　MAXWELL BROTHERS *v.* LIVERPOOL & LONDON
& GLOBE INSURANCE CO.

1. A stipulation in a policy of insurance that no suit or action on the policy, for the recovery of any claim thereunder, shall be sustainable in any court of law or equity, unless commenced within twelve months next after the fire, is valid and binding.
2. Where the parties make by agreement a fixed and unqualified limitation of the kind above noted, statutory limitations have no application to the subject, and the parties must stand upon their contract as written. Under such a stipulation and limitation, the time should be computed to begin from the date of the fire, and not from the accrual of the right of action under other stipulations of the policy.
3. Where the uncontroverted evidence shows that the property insured was consumed on the morning of the 24th of January, 1910, the twelve-months limitation as to commencement of the action expired at midnight of the 23d of January, 1911; and, under this stipulation of the contract, the suit on the policy, which was not commenced until January 24, 1911, was barred.
4. Where the policy contract was made by a partnership, insuring partnership property, the period of limitation fixed by the policy for the commencement of an action for the recovery of any loss under the policy was not suspended during the insanity of a member of the partnership, existing after the loss had occurred; but the partnership as an entity, separate and distinct from the members thereof, was nevertheless bound to bring the action within the period of limitation as therein prescribed.
5. Where a suit was brought on a policy of insurance, stipulating among other things that no suit or action for the recovery of any claim under the policy was sustainable in any court of law or equity, unless commenced within twelve months next after the fire, and the plaintiffs' evidence established that the suit was commenced more than one year from the date of the fire, and that, because of a non-compliance with this condition precedent of their contract, the plaintiffs could not recover, a nonsuit was properly awarded.

DECIDED JANUARY 22, 1913.

Action on insurance policy; from city court of Elberton—Judge Grogan. August 16, 1912.

*J. T. Sisk,* for plaintiffs.

*Thomas J. Brown, King & Spalding and Underwood,* for defendant.

HILL, C. J. This was an action upon a policy of fire insurance, filed in the clerk's office on the 24th day of January, 1911. The only question before this court is the construction of the following clause in the policy: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the fore-

going requirements, *nor unless commenced within twelve months next after the fire.*" The particular clause in this provision for construction is, "nor unless commenced within twelve months next after the fire." The petition alleged that the fire took place "on or about the 23d day of January, 1910." The uncontroverted evidence on the trial showed that the fire began at about ten o'clock p. m. on January 23, 1910, and that the building insured was completely consumed by the fire by three o'clock a. m. on the next day, all times referred to being meridian or sun time. At the conclusion of the evidence of the plaintiffs the court awarded a nonsuit, on the ground that the plaintiffs' evidence disclosed that they had not complied with the condition precedent of the policy sued on above quoted, which required suit to be commenced within twelve months next after the fire. The writ of error challenges the correctness of the judgment of nonsuit. The question presented is not a new one, and seems to be about as well settled by the decisions of the Supreme Court as any legal question can be settled in this State.

1. The Supreme Court has repeatedly held that this condition of a policy of fire or life insurance, or a condition of a similar character, is reasonable and valid, and that compliance therewith is necessary, to sustain an action upon a policy containing such condition. Among the many decisions thus holding may be cited the following: *Graham* v. *Niagara Fire Ins. Co.,* 106 *Ga.* 840 (32 S. E. 579); *Nicholas* v. *Tanner,* 117 *Ga.* 223 (43 S. E. 489); *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621 (38 S. E. 1004); *Metropolitan Life Ins. Co.* v. *Caudle,* 122 *Ga.* 608 (50 S. E. 337); *Sou. Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216); *Brooks* v. *Georgia Home Ins. Co.,* 99 *Ga.* 116 (24 S. E. 869); *Melson* v. *Phenix Ins. Co.,* 97 *Ga.* 722 (25 S. E. 189); *Williams* v. *Greenwich Ins. Co.,* 98 *Ga.* 532 (25 S. E. 31); *Hartford Fire Ins. Co.* v. *Amos,* 98 *Ga.* 533 (25 S. E. 575). While there are some decisions in other jurisdictions that hold that such conditions are invalid, as being against the policy of the law and in conflict with the statute of limitations, the large preponderance of authority is in harmony with the view of the Supreme Court of this State, that such a condition precedent is valid and binding, and that under it, unless suit is commenced within twelve months after the fire, or after loss or death,

as the case may be, it can not subsequently be maintained. See numerous decisions in 4 Cooley, Briefs on the Law of Insurance, 3965-6.

2. The next question for consideration is as to the method of computing the time under this provision of the policy. When does the time commence to run,—at the beginning of the fire, or at the conclusion of the fire? And should only the first or last day, or both, be included in the computation of the time? There is no controversy as to the fact that the fire began about ten o'clock p. m. on January 23, 1910, and that the property insured was entirely consumed by three o'clock a. m. of the next day, January 24, and that the suit was filed (and this, under the law of this State, is the commencement or bringing of the suit) on January 24, 1911. The plaintiffs in error contend that the period of limitation stipulated in the policy begins to run when the right of action for the loss accrues; that no right of action accrues either in law or equity until the claimant can legally sue; in other words, that a stipulation in an insurance policy that suit can be brought only "within twelve months next after the fire" means that the insured shall have twelve months after the accrual of the right of action on the policy; and that where the policy stipulates that an action shall not be sustainable until after due compliance with conditions such as that the loss shall not be payable until sixty days after notice has been given of the fire, or until the loss has been ascertained and satisfactory proof furnished, the right of action accrues only after compliance with the conditions, and consequently the period of limitation as to suit begins to run only when these conditions have been fully complied with.

If there were any ambiguity in the stipulation as to the period of limitation, we would undoubtedly adopt that construction (following the universal rule) which would prevent a forfeiture, but where the language is explicit and unambiguous, the courts can only enforce the terms and conditions of the contract as expressed by the parties. If the question were under the general statute of limitations, it would be true that the limitation did not begin to run until the accrual of the right of action, but the contract expressly makes a period of limitation as distinguished from the statute of limitations, and the stipulation is not that the insured shall have twelve months from a compliance with any of the condi-

tions relating to the furnishing of proof or notice, but is clear and distinct that "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." The cases cited by learned counsel for the plaintiffs in error, in support of his contention that the period of limitation does not begin to run until the accrual of the right of action, relate to the statutory period of limitation, and are not applicable to limitations made by the parties to the contract. It is held by the Supreme Court, in *Melson* v. *Phenix Insurance Co.,* 97 *Ga.* 722 (25 S. E. 189), that where the parties, by agreement, make a fixed, unqualified limitation for themselves, they abandon all the legal regulations on the subject, and must stand upon their contract as written; that where a party binds himself absolutely to sue within twelve months, or not at all, it would be a radical and material departure from the contract to allow a variance in its terms. That was a case where the Supreme Court held that a statute which gave a right to the plaintiff to renew his action within six months after a nonsuit had no applicability where the contractual stipulation was fixed and definite; that this rule of the contract took the place of the rule of law, and that to permit an exception, such as to renew the suit after six months from the nonsuit, would be totally unwarranted. And in that case the Supreme Court cited with approval the case of Riddlesbarger *v.* Hartford Insurance Co., 7 Wall. 386 (19 L. ed. 257), where the exact point was ruled, and it was held that the policy stipulation as to limitation was not against the policy of the statute of limitations, but was valid, and that the action mentioned in the condition, which must be commenced within twelve months, is the one which is prosecuted to judgment. It is clear, therefore, from the ruling of the Supreme Court in that case, and many other decisions cited in the opinion, that the express stipulation of a contract as to the period of limitation absolutely controls and supersedes all statutory limitations.

3. The plaintiffs in error contend that the limitation should commence to run after the fire has ceased to burn, or after the property has been entirely consumed, and that in the present case it began to run from midnight of January 24, 1910, which would give

the claimant until midnight of January 24, 1911, to file his suit, since no fractions of days are recognized in law; and further, that in all computations of time, only the first or the last day shall be counted. Civil Code (1910), § 4. Again, this rule of computation applies to statutory limitations, and not to contractual limitations. Counsel for the defendant in error insist that the contractual limitation begins to run from the date of the commencement of the fire, and that, this being true, there can be no question that the suit was commenced too late; that under the rulings of the Supreme Court, the year would be only from January 24, 1910, to midnight of January 23, 1911; and they cite, in support of this contention, the cases of *Peterson* v. *Georgia Railroad Co., 97 Ga. 798 (25 S. E. 370)*; *Jones* v. *Smith, 28 Ga. 41*; *English* v. *Ozburn, 59 Ga. 392*; *Barrett* v. *Devine, 60 Ga. 632*; *W. & A. Railroad Co.* v. *Carson, 70 Ga. 388*; *Blitch* v. *Brewer, 83 Ga. 333 (9 S. E. 837)*; *Jones* v. *Kern, 101 Ga. 309 (28 S. E. 850)*. According to the decisions in these cases, an action brought on January 24, 1910, required to be brought within twelve months, would be barred on January 24, 1911; in other words, the twelve months would expire at midnight of January 23, 1911. Counsel for the plaintiffs in error seems to concede the correctness of this contention, and requests this court to overrule these decisions of the Supreme Court. Of course, it is not within the power of this court to overrule decisions of the Supreme Court, but it is for us to accept and follow them as binding precedents. If there were any conflict in the decisions of the Supreme Court on the question, we might be willing to certify the question to the Supreme Court, for the purpose of having this conflict eliminated and the true rule laid down, but we do not find such conflict. We therefore conclude, following these decisions, and accepting it for the sake of illustration and not deciding it as a matter of law, that the time should be computed from the end of the fire, and not from the beginning, and that, since the building was completely consumed on the morning of January 24, 1910, the twelve months within which the action could have been brought under the contractual limitation expired at midnight of January 23, 1911, and, as the suit was not filed until January 24, 1911, it was barred. In this view we are strengthened by the fact that the contractual limitation expressed in the policy distinctly provides that the suit must be commenced "within twelve months next after

the fire," not even giving a full twelve months within which to file the suit. See, on this point, many cases cited in 4 Cooley, Briefs on the Law of Insurance, 3975.

4. It is next contended by counsel for plaintiff in error that a member of the partnership whose property was insured was insane during a period of time immediately following the fire, and that during that period this contractual limitation was suspended as to the partnership. Under the law a partnership is a distinct and separate entity from the members who compose it, and the fact that one partner was temporarily insane or otherwise incapacitated to look after the affairs of the partnership, or to comply with its contracts, would not excuse a failure of the partnership, or of either of the members thereof, to perform the duty of looking after the interests of the partnership. It may be that the running of the statute of limitations would be suspended during the period of insanity of a member of the firm, but we are clear that any disability on the part of a member of the firm would not suspend the running of a contractual limitation, or fix a period of limitation other than that prescribed by the contract. The limitation in the present case is a condition precedent to the right of action on the policy, and the partnership, having made the contract, is bound thereby, regardless of any intervening infirmity of one of its members. It has been held that the minority of a beneficiary in an insurance policy did not exempt him from complying with a stipulation requiring an action on the policy to be brought within one year after the right accrued. Suggs *v.* Travelers Ins. Co., 71 Tex. 579 (9 S. W. 676, 1 L. R. A. 847); Mead *v.* Phenix Ins. Co., 68 Kan. 437 (75 Pac. 475, 104 Am. St. R. 412, 64 L. R. A. 79). The principle thus ruled, we think, would apply with greater force to the contracts of a partnership; for certainly the disability of one partner from insanity, or from any other cause, could not legally affect the obligations assumed by the partnership as an entity separate and distinct from the members thereof.

5. It is insisted that the declaring of a nonsuit was an improper disposition of the case, for the reason that the limitation, if relied upon, should be set up by special plea or demurrer; and the cases of *Parker* v. *Irvin,* 47 *Ga.* 405, *Stringer* v. *Stringer,* 93 *Ga.* 320 (20 S. E. 242), and *Small* v. *Cohen,* 102 *Ga.* 248 (29 S. E. 430), are cited. This might be true if it clearly appeared, from the al-

legations of the petition, that the action was barred when the suit was filed; but in this case it will be seen, by reference to the petition, that this fact did not appear. The only allegation on the subject being that the fire took place "on or about January 24, 1910," the exact date of the fire was not fixed by the petition, but, under this general allegation, was left to be established by the evidence; and when the evidence did show the exact date, and proved that, under the contractual stipulation, the action was barred when the suit was commenced, it was proper for the court to grant a nonsuit for this reason. See *Melson* v. *Ins. Co.,* 97 *Ga.* 722 (23 S. E. 189), and *Brooks* v. *Georgia Home Ins. Co.,* 99 *Ga.* 116 (24 S. E. 869), where it was held that, the evidence having shown that the suit was barred, under a contractual limitation similar in character to the one now under consideration, the grant of a nonsuit was proper. See, also, Civil Code (1910), § 5942.        *Judgment affirmed.*