11464.   ROWELL v. HARRELL REALTY COMPANY.

An option granting the right to purchase land within a specified time is not such an evidence of indebtedness as is contemplated by section 4285 of the Civil Code (1910), which provides that "evidences of debt maturing on Sunday or a public holiday shall be payable on the next business day thereafter;" and the time specified in the option is not extended by the fact that the last day named for performance falls on Sunday.

DECIDED JULY 29, 1920.

Action on contract; from Colquitt superior court — Judge Thomas. April 5, 1920.

*James Humphreys, Dowling & Askew,* for plaintiff in error.

*T. H. Parker, Hill & Gibson,* contra.

LUKE, J. · Harrell Realty Company sued W. M. Rowell for alleged breach of a written contract whereby the latter, in consideration of one· dollar in hand paid, agreed to sell to the former, or to any one designated by that company, certain described land, provided the trade should be closed " on or before the first day of December, 1918," either by payment of the full price or by a cash payment of $500 and. the giving of notes in stipulated amounts and payable at stated times for the balance. The first day of December, 1918, fell on Sunday. Harrell Realty Company pleaded that on Monday, December 2, 1918, it tendered to Rowell the $500 in cash and the notes provided for in the contract, and that the tender and notes were refused. Rowell demurred generally to the petition, " because the petition shows upon its face that the alleged tender to the plaintiff was not made within the time prescribed by the contract." The judge overruled the demurrer, and error is assigned upon that ruling.

As we construe this petition there is but one question to be decided, and that is whether by statute the time limit granted in the option may be extended one day longer than that named in the option, because the last day named in the option happened to fall on Sunday. At common law judicial proceedings only were prohibited on Sunday. A person ·was· not prohibited from doing his ordinary labor on Sunday, and the making of contracts was lawful. See 27 Am. & Eng. Enc. L. (2d ed.) 389, and citations. "At common law, contracts made on Sunday were not invalid, and the statutes constitute the sole basis of the invalidity of Sunday contracts." See *Hayden* v. *Mitchell,* 103 *Ga.* 440 (30 S. E. 287). Subsection 8 of section 4 of the Civil Code (1910) is as follows: "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on the Sabbath, another day shall be allowed in the computation." The section begins as follows: *"Construction of Statutes.* The following rules shall govern the construction of all statutory enactments in this State." It is evident that this

section applies to statutory limitations, and has no effect upon contractual limitations. See *Maxwell* v. *Liverpool Ins. Co.*, 12 *Ga. App.* 131 (76 S. E. 1036). Section 416 of the Penal Code (1910), which says, "Any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor," has the effect of invalidating all such contracts as come within the ordinary callings of the persons affected. If it be granted that this statute covers the contract sued upon in this case, the effect of it would only be to inhibit the making of that contract on Sunday. Certainly it would not extend the time of performance another day.

Counsel for the defendant in error especially relies on section 4285 of the Civil Code (1910), and contends that this section covers the case, and that because of that section the defendant in error had the right to tender and ask performance under the option on December 2, 1918. That section is as follows: "*Papers due on Sunday or a holiday.* All bills, checks, notes, and other evidences of debt maturing on Sunday or a public holiday shall be payable on the next business day thereafter; and all bills, checks, notes, and other evidences of debt presentable, by their terms, for acceptance or payment on Sundays or on a public holiday shall be presentable for acceptance or payment on the next business day thereafter. By business day is meant a day other than Sunday or a public holiday." Patently an option contract to buy land is not a bill, check, or note; nor do we think it can be covered by the phrase " other evidences of debt." It is a well-settled rule of construction that when a statute enumerates by name certain specific things, and concludes with a general term of enlargement, this latter term is construed as being ejusdem generis with the things named. *Grier* v. *State,* 103 *Ga.* 429 (30 S. E. 255). " The general word which follows . . specific words of the same nature as itself, takes its meaning from them, and is presumed to be restricted to the same genus as those words; or, in other words, as comprehending only things of the same kind as those designated by them; unless, of course, there be something to show that a wider sense was intended." *Sanders* v. *State,* 86 *Ga.* 720 (12 S. E. 1059). Bills, notes, and checks are strictly commercial papers, and payable at all events,

are negotiable by simple endorsement, and frequently contain negotiable words. In construing section 4285 the phrase "other evidences of debt" must take its meaning from "bills, checks, and notes," and is restricted to the same genus as those words. An option is a contract by which the owner of property agrees with another person that he shall have a right to buy the property at a fixed price within a certain time. *Black* v. *Maddox*, 104 *Ga.* 162 (30 S. E. 723). An option cannot be an evidence of debt and can not be included in the phrase "other evidences of debt." The Supreme Court held in *Littlefield* v. *Clary*, 66 *Ga.* 322, that a mortgage is not such an evidence of indebtedness as is contemplated in the statute which provides for the summary establishment of any lost "bond, bill, note, draft, check, or other evidence of indebtedness."

The petition in this case showing that time was of the essence of the contract, and that there was no offer to exercise the right to purchase the property under the option within the time limit contracted, and there being no statutory enactment which extends the time in the contract, it was error for the court to overrule the general demurrer to the petition.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*