11947.  HARRELL REALTY COMPANY *v.* ROWELL.

Disallowance of the proffered amendment to the petition was not error, since it was largely an amplification of the original petition, which, according to a former decision of this court in this case, failed to state a cause of action, and which, if the amendment had been allowed, would still have failed to state a cause of action.

DECIDED MARCH 8, 1921.

Action on contract; from Colquitt superior court — Judge Thomas.  October 5, 1920.

Application for certiorari was denied by the Supreme Court.

The action was for breach of a written contract for the sale of certain land by W. M. Rowell, the defendant, to Harrell Realty Company, the plaintiff, for a certain sum to be paid " on or before the first day of December, 1918, " the defendant agreeing to execute title to the land on such payment, and further agreeing to accept part of the purchase-price in cash ($500) and the remainder in specified deferred payments.  The first day of December fell on Sunday.  From the petition it appeared that on the following Monday the plaintiff tendered to the defendant $500 in cash and promissory notes for the deferred payments, and demanded that the defendant execute a bond for title to the land, and that the defendant refused to do so, stating that he " had already sold and conveyed a portion of the land described in said contract, and . . was unable to comply with the terms of said contract for the sale of the land. "  The petition further alleged that on November 8, 1918, the defendant conveyed to a named third person a certain part of the land, which on October 22, 1918, the defendant had contracted to sell to the plaintiff as stated above.  A demurrer to the petition was overruled, and the case came to this court on exceptions to that judgment.  One of the grounds of the demurrer was that " the petition shows upon its face that the alleged tender to the plaintiff was not made within

the time prescribed by the contract." This court held that the demurrer should have been sustained on this ground, and reversed the judgment of the court below. In the opinion of the Court of Appeals it was said: "As we construe this petition there is but one question to be decided, and that is whether by statute the time limit granted in the option may be extended one day longer than that named in the option, because the last day named in the option happened to fall on Sunday." *Rowell* v. *Harrell Realty Co.*, 25 *Ga. App.* 585 (103 S. E. 717).

In the petition it was alleged that on November 30, 1918, the plaintiff sold the land in question to Albert F. Harrell, and in the afternoon of that day notified the defendant of this sale, stating that owing to the lateness of the hour it was impracticable to complete the contract that day, and that as December 1, 1918, would be Sunday, the plaintiff would tender to the defendant $500 in cash, and notes in accordance with the terms of their contract, on the second day of December, "as provided by law; to which proposition the defendant assented." After the remittitur from the Court of Appeals had been sent to the court below and before it had been made the judgment of the lower court, the plaintiff offered an amendment to the petition, in which amendment it was alleged that as soon as the land had been sold by the plaintiff to Albert F. Harrell on November 30, 1918, the plaintiff was ready, able, and willing to comply with the option contract made with the defendant, and waited at the plaintiff's office for some time, expecting the defendant to come there, as he had on the previous day promised to do, for the purpose of permitting the plaintiff to comply with the terms of the option contract on its part, and exercised due diligence to locate the defendant, but failed to do so until about seven o'clock in the evening of that day, and then informed the defendant over the telephone that the plaintiff was ready, willing, and able to comply with the terms of the said option contract, but, on account of the lateness of the hour, feeling that it would be more convenient for them to close the matter on the following Monday (the next day being Sunday), stated to the defendant that if he preferred to wait until Monday it would be agreeable to the plaintiff; "and accordingly petitioner and the defendant mutually so agreed;" and "the fact that said option contract was not complied with

on the part of both the plaintiff and the defendant on said date was not due to any fault on petitioner's part, but was due entirely, so far as the petitioner was concerned, to petitioner's inability to locate said defendant at any time during said day, to wit, the 30th day of November, 1918, until after night and after business hours." It was further alleged in the amendment that it was unnecessary for the plaintiff to make the tender at all, because it was relieved from so doing by the conduct of the defendant in selling and conveying a part of the land to certain third persons on November 8, 1918, thereby putting it out of the defendant's power to comply with the terms of the said option contract. The amendment was disallowed in an order in which the judge said: "Upon an examination of the original petition it appears that this amendment is simply an amplification of the original record and can not change the situation. However, the ruling of this court was based upon the other question raised, and not upon the point announced in the appellate court decision. The decision of the Court of Appeals is controlling." The plaintiff excepted to this judgment.

*Hill & Gibson,* for plaintiff.

*Dowling & Askew, James Humphreys,* for defendant.

BROYLES, C. J. When this case was here before, the judgment of the trial court, overruling a general demurrer to the petition, was reversed (*Rowell* v. *Harrell Realty Co., 25 Ga. App.* 585 (103 S. E. 717). Upon the receipt of the remittitur by the trial court, but before it had been made the judgment of that court, the plaintiff offered an amendment to its original petition. This amendment was disallowed by the court, and the remittitur was then made the judgment of the lower court, and to both of these rulings the plaintiff excepted. An examination of the record shows that the proffered amendment was largely a mere amplification of the original petition, and that if the amendment had been allowed, the petition as so amended would still have failed to set forth a cause of action. It follows that the court did not err in disallowing the amendment.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*