### 15014. PHILLIPS *v.* FIREMAN'S FUND INSURANCE CO.

1. The court properly sustained the motion to nonsuit, as the right of action was barred by the terms of the insurance policy sued on.
2. This court refuses to review and reverse the decision in the case of *Maxwell* v. *Liverpool &c. Insurance Co.,* 12 *Ga. App.* 127 (76 S. E. 1036), or to certify this case to the Supreme Court.

DECIDED JANUARY 16, 1924.

Action on fire-insurance policy; from Floyd superior court—Judge Wright. July 13, 1923.

*Maddox, Lipscomb & Matthews,* for plaintiff.

*Smith, Hammond & Smith, Paul H. Doyal,* for defendant.

BLOODWORTH, J. 1. The insurance policy sued on contained the following stipulation: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law

or equity unless the assured shall have fully complied with all the foregoing requirements, nor unless commenced within twelve months next after the happening of the loss." The property insured was destroyed by fire on November 6, 1921. The suit was filed November 6, 1922. November 5, 1922, was Sunday. This court in *Maxwell* v. *Liverpool & London & Globe Ins. Co.,* 12 *Ga. App.* 127 (3) (76 S. E. 1036), held: "Where the uncontroverted evidence shows that the property insured was consumed on the morning of the 24th of January, 1910, the twelve months limitation as to commencement of the action expired at midnight on the 23d of January, 1911; and, under this stipulation of the contract, the suit on the policy, which was not commenced until January 24, 1911, was barred." And in *Brown* v. *Emerson Brick Co.,* 15 *Ga. App.* 332 (83 S. E. 160), it was held: "An action brought on December 29, 1913, for bodily injuries inflicted on the plaintiff on December 29, 1911, was barred by the statute which requires that action for such injuries shall be brought 'within two years after the right of action accrues' (Civil Code of 1910, § 4497). The fact that the 28th day of December, 1913, was Sunday did not render applicable the code provision that 'when a number of days is prescribed for any privilege, or the discharge of any duty, . . if the last day shall fall on the Sabbath, another day shall be allowed in the computation' (Civil Code, § 4, par. 8). This provision does not apply when a period of years is so prescribed." See cases cited in that case (15 *Ga. App.* 333). Under the rulings in the foregoing cases the suit on the policy in this case was barred.

2. In the brief of counsel for the plaintiff in error we are asked to review and reverse the *Maxwell* case, supra, or to certify this case to the Supreme Court and give that court an opportunity to review and reverse the cases from that court cited in the *Maxwell* case, and upon which that decision is based. This request is denied. A somewhat similar request was made in the *Maxwell* case as to the cases from the Supreme Court cited in that case, and in reference to the request Chief Judge Hill said (12 *Ga. App.* 131, 76 S. E. 1038) : "According to the decisions in these cases, an action brought [on a cause of action arising] on January 24, 1910, required to be brought within twelve months, would be barred on January 24, 1911; in other words, the twelve months would expire at midnight of January 23, 1911. Counsel for the plaintiffs in error

seems to concede the correctness of this contention, and requests this court to overrule these decisions of the Supreme Court. Of course, it is not within the power of this court to overrule decisions of the Supreme Court, but it is for us to accept and follow them as binding precedents. If there were any conflict in the decisions of the Supreme Court on the question, we might be willing to certify the question to the Supreme Court, for the purpose of having this conflict eliminated and the true rule laid down, but we do not find such conflict."

*Judgment affirmed. Broyles, C. J. and Luke, J., concur.*