27736. BROOKS v. HICKS et al.

PER CURIAM. The appellant and the appellees entered into a twelve-month option on July 21, 1971, which provided that it would terminate upon the failure to pay $3,750 on the 21st day of each month during said term. The appellant failed to pay said sum on Sunday,

May 21, 1972. His tender of said amount the following day was refused. On motion for summary judgment the trial court held that the option had terminated. *Held:* The facts of this case show that the appellant paid, from the inception of the option through April 1972 the sum of $37,500 to preserve his rights to the optioned property. To hold that his failure to tender $3,750 on Sunday, May 21, 1972, at a particular business address came too late perpetrates an injustice to which this court will not lend its aid. It is fundamental that forfeiture of rights is not favored. *McDaniel v. Mallary Bros. Machinery Co.,* 6 Ga. App. 848 (1) (66 SE 146); *Pearson v. George,* 209 Ga. 938, 944 (77 SE2d 1).

It is true that Code Ann. § 102-102 (8) is a rule of statutory construction, and does not, as was held by the Court of Appeals in *Maxwell Bros. v. Liverpool & London &c. Ins. Co.,* 12 Ga. App. 127, 131 (76 SE 1036), apply to contractual limitations; yet, this Code Section states a rule of reason with respect to limitations, be they statutory or contractual, which should be applied to limitations in contracts in the absence of any sound reason for not applying them. This question does not seem to have been considered and determined by the courts of many states, but those which have had the occasion to consider the question seem almost, without exception, to have applied the statutory rule to *contractual obligations.* The cases are reviewed and collected in 86 CJS 897, Time, § 14(10), where it is said, in part: "Although statutes which provided that a terminal Sunday or holiday is to be excluded from a period of time within which an act is to be performed may apply only to acts required by law or to acts to which the statutes refer specifically, and have no application to acts required to be done by private contract where the time for performance is stipulated, *nevertheless such statutes provide a safe and sound rule to be observed in the interpretation of contracts* where

no different meaning is given by the instrument to be construed or where no different intention is manifest from the contract. Accordingly, except where the act is one which may be performed on Sunday, if the time for exercise of rights or performance or tender of performance of an act under a contract falls on a holiday or Sunday, *as a general rule it may be legally performed on the following day,* unless that day is a holiday, in which event it may be performed on the next succeeding *business day. . ."*

In our society, Sunday is a legal holiday on which it is generally unlawful to transact business except works of necessity. While the contract sued on provides that, "If, on the 21st day of any month during the term of this option, selling partner fails to deliver to buying partners the check provided for in the preceding sentence [that is, a bank cashier's or certified check in the amount of $3,750, and had to be paid at 5555 Memorial Drive, Stone Mountain, Georgia, admittedly a business closed on Sunday], this option shall terminate and selling partner shall thereafter have no rights under this agreement," and "time is and shall be of the essence of this agreement," we do not think these provisions need to be construed so as to work a forfeiture. Although *Rowell v. Harrell Realty Co.,* 25 Ga. App. 585 (103 SE 717) and *Maxwell Bros. v. Liverpool & London &c. Ins. Co.,* 12 Ga. App. 127, 131, supra, hold to the contrary, these decisions are not binding on us and we refuse to follow them.

We think this court should accept the old Latin Maxim, "dies dominicus non est juridicus" — Sunday is not a day in law.

*Judgment reversed. All the Justices concur, except Nichols and Undercofler, JJ., who dissent. Hawes and Gunter, JJ., concur specially.*

ARGUED FEBRUARY 14, 1973 — DECIDED APRIL 25, 1973.

*McCurdy, Candler & Harris, George H. Carley,* for a appellant.

*Zachary & Segraves, William E. Zachary, Jr., William E. Zachary, Sr., Rich, Bass, Kidd & Broome, Robert K. Broome,* for appellees.

HAWES, Justice, concurring specially. The trial court, in rendering its judgment in the court below, relied on *Rowell v. Harrell Realty Co.,* 25 Ga. App. 585 (103 SE 717), decided in 1920. This case has lain dormant for some 53 years. When it was resurrected in the present case, the majority saw fit not to follow it.

In my opinion, the judgment in the *Rowell* case should not become further imbedded in the case law of this State, for it did not represent the true spirit of the law which favors fair play, justice and abhors a forfeiture. This is the first opportunity this court has had to establish a uniform rule of law that gives the same construction to contractual limitation as now given to statutory limitations, thus avoiding the pitfall that occurred in this case. This court was justified when it seized, upon this its first opportunity, to put the State of Georgia under uniform rules of limitation as established in such jurisdictions as Tennessee, Pennsylvania, New Jersey, South Carolina, Massachussetts, California, Maryland, North Carolina, Kansas, New Mexico, Texas, etc., which seems to be the general rule followed.

For the reasons contained in the majority opinion and the additional reasons given above, I concur in the reversal.

GUNTER, Justice, concurring specially. When a contract requires that installment payments are to be made on a specified date in each month at a business-operations office, and the date specified in the contract falls on a Sunday, or a holiday, or a day when business operations are not carried on at the specified paying location, then I am of the opinion that the paying

party may tender and make payment on the next business-operations day at the specified business location. To my mind, such a rule is just and fair and comports with current business practices in this state.

In 40 AmJur 720, Payment, § 14, we find the following: "Due Date Falling on Sunday or Holiday.—While at common law Sunday was not a dies non, Sunday statutes in most jurisdictions have made it such, to a greater or less extent; even in the absence of such statutes, it seems to be the general rule that where the day for making a payment on a non-negotiable contract falls on Sunday, failure to make it on that day does not subject the promisor to liability as for a default in payment, but he has the following day in which to make it."

The general rule seems to me to be a reasonable rule to be applied by courts in construing contracts. The phrase "Time is of the essence" included in contracts must be construed along with the requirement that the place of payment is a place where business operations are carried on. And if the date of payment falls on a day of the week when business operations are not carried on at the designated place of payment, then I construe the phrase "Time is of the essence" as meaning that payment or tender may be made at the designated place on the next succeeding day when business operations are carried on at that place.

I concur in the judgment of reversal.

UNDERCOFLER, Justice, dissenting. "The illegality of a bargain for the reason that it is made or is to be performed on Sunday is dependent entirely upon a statute. At both common law and in equity such bargains were lawful and enforceable to the same extent as if made on any other day of the week." 6A Corbin on Contracts 623, § 1477; *Hayden v. Mitchell,* 103 Ga. 431 (3) (30 SE 287); *Dorough v. Equitable Mortgage Co.,* 118 Ga. 178 (2) (45 SE 22).

The only Georgia statute applicable here provides,

"Any person who shall pursue his business or the work of his ordinary calling on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." Code Ann. § 26-9908 (Ga. L. 1968, pp. 1249, 1337).

"Substantially the same provision has been the law of Georgia since the passage of the Act of 1762. The effect of this statute is to declare illegal, as being contrary to the public policy, all contracts made on Sunday which are executed in the work of one's ordinary calling or in the pursuit of his ordinary business." *Dorough v. Equitable Mortgage Co.,* 118 Ga. 178, 179, supra.

The contract here is not illegal. It was not entered into on Sunday. Furthermore, it was an isolated transaction. It was the sale of a partnership interest with an option to repurchase. It was not in the ordinary business of either party. Neither is the monthly option payment which is required to be made on Sunday in the ordinary business of either party.

The contract provided, "Time is and shall be of the essence of this agreement." The appellant made no effort to tender the payment due on Sunday, May 21, 1972. He testified that he forgot it was due.

In my opinion the correct law is stated in *Rowell v. Harrell Realty Co.,* 25 Ga. App. 585 (103 SE 717) as follows: "The petition in this case showing that time was of the essence of the contract, and that there was no offer to exercise the right to purchase the property under the option within the time limit contracted, and there being no statutory enactment which extends the time in the contract, it was error for the court to overrule the general demurrer."

The majority opinion admits that it is applying a rule of statutory construction to contracts. This is erroneous. Furthermore, the majority opinion concedes this rule does not apply to a contract where the intention is

manifest. Here the intention of the contract is manifest by the provision which states, "Time is and shall be of the essence of this agreement."

In my opinion the majority has established a rule of law which extends to Monday a specific legal option contract requiring payment on Sunday — something the legislative bodies of this State have not seen fit to do in the last 210 years.

The trial court's judgment was correct and should be affirmed.

I am authorized to state that Justice Nichols concurs in this dissent.