## 53061, 53062. ALLSTATE INSURANCE COMPANY v. STEPHENS (two cases).

ARGUED NOVEMBER 1, 1976 — DECIDED NOVEMBER 12, 1976 — REHEARING DENIED DECEMBER 8, 1976 —

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Michael T. Bennett,* for appellant.

*Kirby G. Bailey,* for appellee.

CLARK, Judge.

Where a fire insurance policy requires that suit thereon be commenced within twelve months of the loss and the last day of that period is a Sunday, may suit be instituted on the following day, Monday? This is the single question presented as a case of first impression in these two appeals.

Plaintiff-appellee's insured house was destroyed by fire on December 1, 1974. On Monday, December 1, 1975 he sued appellant insurance company for the face value of the policy. This being the "standard form," it contained the provision that "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of

law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." (R. 27). Calendar-wise, the twelve months period expired on Sunday, November 30, 1975. The insurance company raised the defense that the action was barred by the contractual limitation. The trial court ruled against the insurance company's contention.

1. Our courts have repeatedly held the clause requiring suit against the insurer to be filed "within twelve months next after inception of the loss" to be valid, reasonable, and binding upon both the insured and insurance company. *Aiken v. Northwestern Mut. Ins. Co.,* 106 Ga. App. 220 (126 SE2d 630); *Walton v. Am. Mut. Fire Ins. Co.,* 109 Ga. App. 348, 349 (2) (136 SE2d 168) and cits. The litigants do not dispute this.

2. Nor is there any disagreement between the parties that the cause of action on the policy arose on the day the loss occurred, December 1, 1974. This was the ruling in *Maxwell Bros. v. Liverpool &c. Ins. Co.,* 12 Ga. App. 127 (76 SE 1036), where this court held that where the loss occurred on January 24, 1910, an action thereon was barred under the policy on January 24, 1911. In fact, appellant argues this case is controlled on its facts by *Maxwell,* so that under that holding appellee's right of action expired at midnight November 30, 1975, a Sunday. We do not accept this contention. The last day of the twelve-months limitation period in *Maxwell* was not a Sunday, as is the case sub judice. The court in *Maxwell* was concerned with determining when the right accrued so as to be able to decide when the limitation period began and ended.

3. Furthermore, the Supreme Court expressly refused to follow *Maxwell Bros. v. Liverpool &c. Ins. Co.,* supra, in *Brooks v. Hicks,* 230 Ga. 500 (197 SE2d 711), a decision which we consider to be determinative and controlling upon the case sub judice. It held that where a time limitation period set by contract terminates on a Sunday, the period is extended to include the following day.

Appellant argues that *Brooks v. Hicks* does not apply because the court there applied the statutory construction

rule of Code Ann. § 102-102 (8), which refers to "days," not weeks, months or years. It is true that the codal language is "a number of days." Nevertheless, the contract in *Brooks* was not one computed in days. It was a twelve-month option entered into on July 21, 1971, which provided that it would terminate upon the failure to pay $3,750 on the 21st day of each month during said term. The tenth monthly payment came due on Sunday, May 21. The tender of payment on the following day was refused. It is evident, therefore, that the Supreme Court used that Code section only as a guide. "[T]his Code Section states a *rule of reason* with respect to limitations, be they statutory or contractual, which should be applied to limitations in *contracts* in the absence of any sound reason for not applying them." 230 Ga. p. 501. (Emphasis supplied.)

While the Code section applies expressly to statutes and uses the quotidian word, namely "days," the Supreme Court in *Brooks* intended to set forth a uniform rule of construction with regard to periods of limitation contained in *contracts*. In other words, unless expressly stated otherwise, where the final day under a contract to do an act is a Sunday, that day will be carried over to the next day. "We think this court should accept the old Latin Maxim, 'dies dominicus non est juridicus'—Sunday is not a day in law." *Brooks v. Hicks,* supra, p. 502.

Appellant argues the correctness of their interpretation of *Brooks v. Hicks* is shown in *Gray v. Quality Finance Co.,* 130 Ga. App. 762 (204 SE2d 483), which was decided subsequent to the Supreme Court decision and is cited in Judge Deen's dissent. This court is bound by our state's Constitution (Code Ann. § 2-3708) to recognize the Supreme Court's decisions as precedents. Accordingly, if there is anything in *Gray v. Quality Finance Co.* contrary to the Supreme Court's holding, it must yield to that tribunal's decision. This also applies to the cases of *Veal v. Paulk,* 121 Ga. App. 575 (174 SE2d 465) (1970) and *Brown v. Emerson Brick Co.,* 15 Ga. App. 332 (83 SE 160) (1914), relied upon by appellant, as they were decided prior to *Brooks v. Hicks.*

4. Our constitutional conformance to *Brooks v. Hicks* does not in any way affect the general rules of

construction applicable to insurance policies which are stated in *Cincinnati Ins. Co. v. Gwinnett Furniture Mart, Inc.,* 138 Ga. App. 444, 446 (226 SE2d 283).

5. Appellee placed considerable reliance here and below upon the provisions of Code Ann. § 81A-106 (a). That paragraph deals with the computation of "any period of time prescribed or allowed by this Title [Civil Practice Act], by the local rules of any court, by order of court, or by an applicable statute." It extends a period when the last day is a Saturday, a Sunday, or a legal holiday." It states that "this subsection shall apply whether the period is measured in days, months, years, or other unit of measurement of time." In *Davis v. U. S. F. & G. Co.,* 119 Ga. App. 374 (167 SE2d 214) our beloved Judge Eberhardt,[1] in his usual clear and explicit language, stated at p. 375 that the phrase " 'an applicable statute'. . . refers to statutes expressly applicable to proceedings had *after* the commencement of action." He concluded that therefore this section dealing with court proceedings "does not apply directly to determine the computation of the period of time involved in a statute of limitation." He further noted at the end of his opinion "that in adopting the CPA the General Assembly left intact the statutes of limitation."

Accordingly, the views herein as to the impact of a Sunday termination are limited to contractual limitations. Therefore, we expressly re-affirm that periods of limitation established by statute are computed according to the calendar without reference to the final day falling upon a Sunday. Illustrative of such calendar bars is *Hilea v. Colonial Stores, Inc.,* 135 Ga. App. 39 (216 SE2d 905), which held that the two-year statute of

---

[1] The superb judicial qualities of Homer C. Eberhardt (1904-1975) are lauded in the memorial in 137 Ga. App. XXVIII. To those tributes the writer adds this personal remembrance. For me he quoted his credo from *Heard v. Sill,* 26 Ga. 302, 309: "After all, where lies the justice of the case? I try always to dig deep for that; and when found, nothing but the most imperious legal necessity can restrain me from administering it."

limitation as to personal injuries in Code § 3-1004 on a tort occurring October 9, 1972, barred the action when the suit was filed October 9, 1974.

We recognize that the instant policy is the so-called "standard fire form" prescribed by the state insurance commissioner. This authority is granted him by Code Ann. § 56-3201. Since, however, that empowering statute would permit the state official to make contractual changes without new legislation by the General Assembly, we can not consider the 12-months period inserted by his directive into policies to be treated as a statutory limitation period. Being a contractual limitation, it comes within the purview of *Brooks v. Hicks.*

*Judgments affirmed. Bell, C. J., and Stolz, J., concur.*