32052. ALLSTATE INSURANCE COMPANY v. STEPHENS.

UNDERCOFLER, Presiding Justice.

This case involves a provision in a "standard form" fire insurance policy which states, "No suit or action on

this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." The question is whether the action here is barred by this limitation. The fire occurred on December 1, 1974. The last day to file suit on the policy under Georgia law was Sunday, November 30, 1975. Suit was filed on Monday, December 1, 1975.

The trial court held the suit was not barred by the contractual limitation. The Court of Appeals affirmed upon the authority of this court's opinion in *Brooks v. Hicks,* 230 Ga. 500 (197 SE2d 711) (1973).

We reverse. *Brooks v. Hicks* by analogy applied the statutory rule of Code Ann. § 102-102 (8) to contracts. Code Ann. § 102-102 (8), among other things, provides, "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise such privilege or to discharge such duty." What *Brooks v. Hicks* did not make clear was that Code Ann. § 102-102 (8) applies only to limitations in terms of days. It does not apply where the limitation is in terms of months or years. *Thomas v. Couch,* 171 Ga. 602, 607 (156 SE 206) (1930); *Brown v. Emerson Brick Co.,* 15 Ga. App. 332 (83 SE 160) (1914); *Davis v. U. S. Fidelity &c. Co.,* 119 Ga. App. 374, 376 (167 SE2d 214) (1969); *Gray v. Quality Finance Co.,* 130 Ga. App. 762 (204 SE2d 483) (1974). *Brooks v. Hicks'* analogy to Code Ann. § 102-102 (8) can only apply to the extent that statute applies. And Code Ann. § 102-102 (8) under this court's decisions does not apply to limitations expressed in terms of months or years. Certainly *Brooks v. Hicks* did not overrule sub silentio cases of this court so holding. The absence of this distinction in *Brooks v. Hicks* apparently misled the Court of Appeals.

We reaffirm *Brooks v. Hicks* as holding that by analogy Code Ann. § 102-102 (8) applies to contracts as well as statutes where the limitation is in terms of days. As stated therein, "It is true Code Ann. § 102-102 (8) is a rule of statutory construction, and does not . . . apply to

contractual limitations; yet, this Code Section states a rule of reason with respect to limitations, be they statutory or contractual, which should be applied to limitations in contracts..." Justice Hawes, in concurring specially, stated, "[This establishes] a uniform rule of law that gives the same construction to contractual limitation as now given to statutory limitations..." We caution that *Brooks v. Hicks* apparently assumed that the option contract there in dispute was expressed in days rather than months or years but did not address that question. Consequently, *Brooks v. Hicks* is not to be considered an authoritative construction of the terms of that option contract.

*Brooks* declined to follow *Rowell v. H. L. Harrell Realty Co.,* 25 Ga. App. 585 (103 SE 717) (1920) and *Maxwell Bros. v. Liverpool & London &c. Ins. Co.,* 12 Ga. App. 127 (76 SE 1036) (1912), only insofar as they stated Code § 102-108 (8) (formerly subsection 8 of section 4 of the Civil Code of 1910) did not apply to contractual limitations.

In the instant case the contractual limitation is in months. *Brooks v. Hicks* does not apply. On the contrary we follow *Phillips v. Fireman's Fund Ins. Co.,* 31 Ga. App. 541 (121 SE 255) (1923), involving facts identical to the case here. Accordingly the Court of Appeals must be reversed.

We note with interest Chief Justice Simmons' statement in *Rusk v. Hill,* 117 Ga. 722, 728 (45 SE 42) (1903), "We are aware that this court has in other cases, involving the computation of months and years, taken a different view [than those in days]... Why the distinction or difference should have been made I am unable to say."

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Nichols, C. J., and Jordan, J., who dissent.*

ARGUED JUNE 13, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman,* for appellant.

*Kirby G. Bailey,* for appellee.

NICHOLS, Chief Justice, dissenting.

Code Ann. § 102-102 (8), a rule of statutory construction, was applied to a contractual dispute in *Brooks v. Hicks,* 230 Ga. 500 (197 SE2d 711) (1973), in order to effectuate a policy determination by this court that forfeiture of rights is not favored. See *McDaniel v. Mallary Bros. Machinery Co.,* 6 Ga. App. 848 (1) (66 SE 146) (1909). Although in *Brooks* I joined Justice Undercofler in his dissent, upon reconsideration I feel that an injustice would result if the plaintiff is barred from seeking relief because the last day for bringing his action falls upon Sunday.

Justice Undercofler's statement in his majority opinion that *Brooks* left uncertain the application of § 102-102 (8) to limitations stated in terms other than days is an additional reason for affirming the decision. A fair reading of *Brooks* shows that an attorney in good faith may have assumed that he had until Monday to file his client's complaint.

I see no rational reason for a rule which denies an individual his day in court merely because a contractual limitation which sets the time within which a suit may be filed is expressed in terms other than days. If the last day of a limitation falls on a day which sees a business operation closed, or a courthouse vacant, then the next day of business should be the last day of the limitation. If there is no clerk with which to file a pleading, or no corporate office open to receive a contracted-for payment, then the only fair construction of the contractual or statutory limitation is one which sets the next business day, following the nonbusiness day on which the term expires, as the last day of the limitation.

I must respectfully dissent from the opinion of the majority.

JORDAN, Justice, dissenting.

I dissent and adopt the well-reasoned opinion of Judge Clark in *Allstate Ins. Co. v. Stephens,* 140 Ga. App. 720 (231 SE2d 470) (1976). I also fully agree with Chief Justice Simmons' conclusion in *Rusk v. Hill,* 117 Ga. 722

(45 SE 42) (1903), that he was unable to say why a distinction should be made between a contractual limitation stated in "days" and one stated in "months and years."

I respectfully dissent.