## 57709. YEOMANS v. AMERICAN NATIONAL INSURANCE COMPANY.

Underwood, Judge.

Pending final determination in this dispossessory proceeding the trial court, pursuant to Code Ann. § 61-304, entered its order requiring the defendant lessee to make rental payments into the registry of the court "on or before the 1st of [each] month. . ." Lessee made several timely payments but did not make the October 1 payment until October 2. The trial court subsequently issued a writ

of possession on alternative grounds, one of which was pursuant to Code Ann. § 61-304 (c) for "the failure of the defendant to make the October, 1978 rental payment into court on or before the first of the month as required by the court's order . . ."

In this court lessee, citing Code Ann. § 102-102 (8) and *Brooks v. Hicks,* 230 Ga. 500 (197 SE2d 711) (1973), asserts that the tender was timely because October 1 fell on a Sunday, thus giving him, as he contends, until the following day to make the payment. Lessee's reliance upon those authorities is misplaced, however, as § 102-102 (8) extends the period only when "a number of days" is prescribed for the discharge of the duty; and the Supreme Court, clarifying its decision in *Brooks v. Hicks,* 230 Ga. 500, supra, has made it clear that § 102-102 (8) applies only, as it plainly says, to a period of "a number of days." *Allstate Ins. Co. v. Stephens,* 239 Ga. 717 (238 SE2d 382) (1977).

We also note that CPA § 6 (a) (Code Ann. § 81A-106 (a)), although not cited by lessee, makes provision for extension of time where "the last day of the period so computed" falls on a Saturday, Sunday, or holiday, and the section is applicable "whether *the period* is measured in days, months, years, or other unit of measurement of time." (Emphasis supplied.) But, as is true with respect to § 102-102 (8), it can have no application here because the court order under which lessee was to make the payments did not prescribe a period of time, but rather directed payment "on or before the 1st of [each] month, a day certain." Accordingly lessee, if he wished to be timely, was required to make the October payment "before" October 1 since it could not be made "on" that date.

Lessee also urges that the *Brooks* decision established a judicial Blue Law, but we find no merit in this contention since the subsequent *Allstate* case, which refused to follow *Brooks,* also involved a Sunday.

Since the trial court properly granted the writ of possession on the failure of timely payments (Code Ann. § 61-304 (c); *Smith v. Hudgens,* 140 Ga. App. 562 (231 SE2d 530) (1976); *Marshall v. U. S. Management Corp.,* 149 Ga. App. 141, 143 (3) (253 SE2d 818) (1979)), it is unnecessary to consider the alternative ground for the judgment.

*Career Builders, Inc. v. Southern Industrial Builders, Inc.,* 149 Ga. App. 392 (1979).

*Judgment affirmed. Banke, Acting P. J., concurs. Carley, J., concurs specially.*

ARGUED APRIL 10, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED JUNE 19, 1979 —

*Ben F. Smith,* for appellant.

*Parker, Johnson & Cook, Robert F. Cook, Kirk W. Watkins, G. William Long, III,* for appellee.

CARLEY, Judge, concurring specially.

I concur in the result reached by the majority in this case because I agree that in *Allstate Ins. Co. v. Stephens,* 239 Ga. 717 (238 SE2d 382) (1977) the Supreme Court explained the rule apparently enunciated in *Brooks v. Hicks,* 230 Ga. 500 (197 SE2d 711) (1973) so as to make it clear that Code Ann. § 102-102 (8) is applicable by analogy to contracts as well as statutes only where the limitation is expressed in terms of days.

It is to be noted that *Allstate* did not overrule *Brooks v. Hicks* but merely clarified it so as to apply to contracts the rule of Code Ann. § 102-102 (8) "only . . . to the extent that statute applies." However, after so construing the holding in *Brooks,* the Supreme Court also said: "We caution that *Brooks v. Hicks* apparently assumed that the option contract there in dispute was expressed in days rather than months or years but did not address that question. Consequently, *Brooks v. Hicks is not to be considered an authoritative construction of the terms of that option contract."* (Emphasis supplied.) *Allstate Ins. Co. v. Stephens,* supra, 719. The significance of this language to a proper analysis of the case sub judice is apparent upon observation that the option contract in *Brooks* provided for termination of the option if the required payment was not made " . . . on the 21st day of any month during the term of this option . . ." Therefore, since *Brooks* is not expressly overruled in *Allstate* and since the relevant language of the order now construed by this court is strikingly similar to that of the *Brooks* option,

the rationale of *Brooks* would require a different result in this case except for the admonition in *Allstate* that *Brooks* is not authority for construing terminology of the type used in the *Brooks* option as expressing limitations in terms of "days."