**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 25, 2019**

# In the Court of Appeals of Georgia

A19A1335. HODGES v. AUCTION CREDIT ENTERPRISES, LLC.

MCFADDEN, Chief Judge.

This appeal is from the entry of a default judgment on cross-claims. The appellant asserts that the trial court erred in entering a default judgment against him on the cross-claims because no answer to the cross-claims was required and they stood automatically denied. We agree and reverse the entry of a default judgment on the cross-claims.

1. *Facts and procedural posture.*

Marquis Gilmore filed a verified complaint against Vernard Hodges, Auction Credit Enterprises, LLC, and others, claiming fraud and breach of contract. Auction Credit filed an answer and cross-claims against Hodges for conversion, unjust

enrichment, and indemnification. Hodges filed a motion to dismiss both Gilmore's complaint and Auction Credits' cross-claims, but the trial court denied the motion.

Gilmore's claims against all the defendants were eventually resolved, leaving Auction Credit's cross-claims against Hodges pending for resolution. The trial court then entered an order vacating its prior order denying Hodges' motion to dismiss the cross-claims, converting Hodges' motion to dismiss the cross-claims into a motion for summary judgment, and giving Auction Credit 30 days to respond to Hodges' motion for summary judgment on the cross-claims. Auction Credit timely responded to Hodges' motion for summary judgment and also moved the court to strike Hodges' answer to the cross-claims and enter a default judgment, arguing that Hodges' answer to the cross-claims was not properly verified.

On January 26, 2018, while Hodges' motion for summary judgment was still pending, the trial court entered an order granting Auction Credit's motion to strike Hodges' unverified answer to the cross-claims, declaring that Hodges was in default on the cross-claims, deeming the allegations in the cross-claims to be true and established, and directing the parties to submit affidavits on the issue of damages. On July 25, 2018, the trial court entered its final order and default judgment in favor of Auction Credit for damages totaling $63,724.

2

On August 17, 2018, Hodges filed a motion to set aside the orders awarding default judgment to Auction Credit, or alternatively for an extension of time to appeal. The trial court denied the motion to set aside, but granted the extension of time to appeal, ordering that Hodges "shall have until and through September 23, 2018, to file a Notice of Appeal from this court's order of July 25, 2018. *This order is intended to and is to be construed to grant the maximum extension permissible under OCGA § 5-6-39 (c)*." (Emphasis supplied.) Hodges filed his notice of appeal on Monday, September 24, 2018.

2. *Motion to dismiss the appeal.*

Auction Credit has moved to dismiss the appeal, claiming that the notice of appeal was untimely since it was filed on September 24 instead of September 23, 2018. The motion is without merit.

As set out above, the trial court order granting Hodges an extension of time to file his notice of appeal expressly stated that the order was intended to grant the maximum extension allowed by OCGA § 5-6-39 (c) to appeal from the July 25, 2018 order. Under OCGA §§ 5-6-39 (c) and (d), "an extension of time [for filing a notice of appeal] may be granted but it shall not exceed 30 days and [the application for such an extension] must be made before the initial 30-day period for filing the notice of

3

appeal expires." *Grovnor v. Bd. of Regents of the Univ. System of Ga.*, 231 Ga. App. 120 (1) (497 SE2d 652) (1998). See OCGA § 5-6-38 (a) (the initial period for filing a notice of appeal is "within 30 days after entry of the appealable decision or judgment complained of").

Hodges moved for an extension before the initial 30-day period for filing the notice of appeal had expired, so after the trial court granted him the maximum extension allowed by OCGA § 5-6-39 (c), "the deadline for the filing of the notice of appeal became the 60th rather than the 30th day following the entry of the [July 25, 2018 final order]." *Dillard v. State*, 223 Ga. App. 405 (1) (477 SE2d 674) (1996). That 60th day fell on September 23, 2018, which was, as Auction Credit concedes, a Sunday. Under Georgia's statutory rules of construction,

> when a period of time measured in days . . . is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; *and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty*.

OCGA § 1-3-1 (d) (3) (emphasis supplied). Since the last day of the maximum statutory period for an extension granted by the trial court fell on a Sunday, Hodges had through the following Monday, September 24, 2018, to file his notice of appeal.

4

"While the notice of appeal was filed [61] days after entry of the last order appealed from, the [60th] day fell on a Sunday. The filing therefore was timely." *Anderson v. State*, 335 Ga. App. 78, 79-80 (1) (778 SE2d 826) (2015) (citations omitted).

We note that Auction Credit cites *Yeomans v. American Nat. Ins. Co.*, 150 Ga. App. 334 (258 SE2d 1) (1979), for the proposition that the portion of OCGA § 1-3-1 (d) (3) emphasized above, allowing a duty to be discharged on the Monday after a deadline falling on a Sunday, does not apply where the deadline in question is not measured in a period of days but is a date certain. Auction Credit's reliance on *Yeomans* is misplaced. As an initial matter, that case is non-binding physical precedent only. See Court of Appeals Rule 33.2 (a) (1). And unlike the instant case, which involves the maximum statutory 30-days period for extending the time to file a notice of appeal, *Yeomans* involved a requirement that rental payments be made into the court registry on or before a date certain each month. So to the extent *Yeomans* is citable as persuasive authority, it is materially different from and does not control the instant case. So Auction Credit's motion to dismiss the appeal is denied.

3. *Default judgment on cross-claims*.

5

Hodges asserts that the trial court erred in entering a default judgment against him on Auction Credit's cross-claims on the basis that he did not file a properly verified answer to the cross-claims. We agree.

Default judgments are governed by OCGA § 9-11-55 (a), which provides, in pertinent part:

> If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. . . . If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default[.]

Here, Hodges did not fail to file a timely answer, verified or otherwise, because he was not required to file any answer to the cross-claims. "A cross-claim or counterclaim shall not require an answer, unless one is required by order of the court, and shall automatically stand denied." OCGA § 9-11-12 (a). See also OCGA § 9-11-8 (d) (averments in a pleading to which no responsive pleading is required shall be taken as denied). The trial court did not order Hodges to answer the cross-claims, so as a matter of law no answer was required and the cross-claims stood automatically denied. "Since no answer is required to a [cross-claim], the case could not go into default as a consequence of [Hodges'] failure to respond [with a verified answer], and

6

no default judgment could be authorized." *Wolski v. Hayes*, 144 Ga. App. 180, 181 (240 SE2d 720) (1977).

Moreover Hodges's motion for summary judgment as to the cross-claims was still pending when the trial court entered a default judgment against him. "[A] trial court should not enter a default judgment while a dispositive motion [for summary judgment] is pending[.]" *Migmar, Inc. v. Williams*, 281 Ga. App. 870, 871 (2) (637 SE2d 471) (2006). See also *Cato Oil & Grease Co. v. Lewis*, 250 Ga. 24, 25 (2) (295 SE2d 527) (1982) (error to grant a motion for default judgment prior to ruling on a pending dispositive motion to strike complaint). "Default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible, cases should be decided on their merits, for default judgment is not favored in law." *Barbour v. Sangha*, 346 Ga. App. 13 (815 SE2d 2280 (2018) (citations and punctuation omitted). "As we agree with [Hodges] that . . . the trial court's entry of default judgment was . . . improper, we need not address [his] remaining enumeration[s] of error." *Scott v. Prestige Financial Svcs.*, 345 Ga. App. 530, 533-534 (2) (813 SE2d 610) (2018).

*Judgment reversed. Senior Appellate Judge Herbert E. Phipps, concurs. McMillian, P. J. concurs in the judgment only.\**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY.  COURT OF APPEALS RULE 33.2(a).**