## 44311. DAVIS v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

EBERHARDT, Judge. On August 26, 1966, a collision occurred between automobiles driven by H. F. Davis and Preston Roland. August 25, 1968, was a Sunday, and on Monday, August 26, 1968, Davis filed an action against Roland, an uninsured motorist, for damages resulting from the collision. United States Fidelity & Guaranty Company, Davis' uninsured motorist insurance carrier, intervened and filed a motion to dismiss the complaint on the ground that the claim was barred by the two-year statute of limitation under *Code Ann.* § 3-1004. The trial court sustained the motion, dismissed the complaint, and Davis appeals. *Held:*

It is contended that CPA § 6 (a) (*Code Ann.* § 81A-106 (a)) authorized the filing of the suit on Monday, August 26, since the last day for filing the complaint under the two-year statute of limitation (*Code Ann.* § 3-1004) fell on the preceding Sunday. CPA § 6 (a) provides: "In computing any period of time prescribed or allowed by this Title, by the local rules of any court, [by order of court, or][1] by an applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. . . This subsection shall apply whether the period is measured in days, months, years, or other unit of measurement of time."

---

[1]Ga. L. 1967, pp. 226, 229 amended this section by adding to the second sentence the words "in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." However, in setting out the section to read as so amended, the words in brackets apparently were inadvertently omitted.

For purposes here the comparable federal rule is practically identical with our CPA § 6(a), except that the federal rule does not contain the last sentence of our Rule 6(a). See 2 Moore's Federal Practice, § 6.03, p. 1462; 1967 Supp. p. 42. "Rule 6(a) is, of course, a procedural rule that governs the computation of time for doing some act *in the course of the proceeding*. It could not be said to apply expressly to a statute of limitations. Thus assume that the statutory period expires on a Sunday and the action is not commenced until the following day. The rule, while governing the computations of time thereafter to be made, could not apply directly to determine the computation of a period of time (here the statutory period) that is anterior to the time when the Federal Rules (including, of course, Rule 6) begin to apply." 2 Moore, supra, pp. 1470-1471. (Emphasis supplied.) As succinctly stated in Joint Council Dining Car Employees Local 370 v. Delaware, L. & W. R. Co., 157 F2d 417, 420: "Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation." See also Ferd. Mulhens, Inc. v. Higgins, 55 FSupp. 42 (SDNY).

While it is contended that the phrase "an applicable statute" contained in § 6(a) should be construed to mean a statute of limitation, it is obvious from the above authorities that the phrase refers to statutes expressly applicable to proceedings had *after* the commencement of action. The last sentence of our CPA § 6(a), referring to periods whether measured in "days, months, years, or other unit of . . . time," rather than authorizing an inference that the section could be applied to a statute of limitation, appears rather to obviate the difficulties encountered in construing *Code Ann.* § 102-102 (8) where the time period is described as "a number of days." See, e.g., *Curtis v. College Park Lumber Co.*, 145 Ga. 601 (2) (89 SE 680), holding that this section does not apply where months and years are to be computed. Thus we conclude that CPA § 6(a) does not apply directly to determine the computation of the period of time involved in a statute of limitation.

Moore further states, however, that "in computing such periods of time a court may well adopt, by analogy, the method of

computation prescribed by Rule 6, unless there is something in the statute of limitations *(or decisions construing it)* . . . which does not warrant the adoption of such a method." Moore, supra, p. 1471. (Emphasis supplied.) The adoption of CPA § 6(a) by analogy is not warranted here because of our case law (e.g., *Brown v. Emerson Brick Co.,* 15 Ga. App. 332 (83 SE 160); *Davis v. Hill,* 113 Ga. App. 280 (147 SE2d 868), which holds that where the time prescribed for the doing of an act, such as bringing an action, is to be computed by years or months, Sundays are not to be excluded even though the last day of the period falls on Sunday. The period started to run on the date of plaintiff's injury, August 26, 1966 (*Peterson v. Ga. R. & Bkg. Co.,* 97 Ga. 798 (25 SE 370); *Holliday v. Lacy,* 118 Ga. App. 341 (163 SE2d 750)), and expired August 25, 1968. It is to be noted that in adopting the CPA the General Assembly left intact the statutes of limitation. Cf. *Craven v. Allen,* 118 Ga. App. 462 (1c) (164 SE2d 358).

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*

ARGUED MARCH 4, 1969—DECIDED MARCH 13, 1969.

*Alvin W. Arnold, Whipple & Arnold,* for appellant.
*Anderson, Walker & Reichert, Albert P. Reichert, Jr.,* for appellees.