53425. LEATHERS et al. v. GILLAND.

SHULMAN, Judge.

Berta Lee Leathers died intestate on July 26, 1974. S. Turner Leathers applied for and received letters of administration on October 31, 1974. One of the heirs, S. Turner Leathers, Jr., filed in the probate court a renunciation of succession on January 27, 1975, although the renunciation had been executed on January 24, 1975. Code Ann. § 113-824 (b) provides that a renunciation

must be filed within six months after the death of the decedent or the donee of the power, or if the taker of the property is not then finally ascertained, not later than six months after the event by which the taker or the interest is finally ascertained. The writing must be filed in the court of the county where proceedings concerning the decedent's estate are pending or where they would be pending if commenced. The six-month period expired on a Sunday, and the renunciation was filed on Monday. Prior to this, appellee caused garnishment summons to issue against appellant and another, requiring them to answer as to what property or money of S. Turner Leathers, Jr. they held. Based upon the renunciation, appellant answered stating that they owed no sums to S. Turner Leathers, Jr. Appellee traversed the answer and the trial court entered an order sustaining the traverse, holding that the six-month time period was in the nature of a statute of limitation and had elapsed before the filing of the renunciation and was not covered by Code Ann. § 81A-106 (a). Judgment was entered in the stipulated sum of $14,569.37 plus costs, and appellant appeals to this court.

The sole question in this case is whether Code § 113-824 in subsection (b) is in effect a statute of limitation. If it is, the time period would have expired on Sunday and appellant would not have been able effectually to file his renunciation on the Monday following. If it is not construed as a statute of limitation, the Civil Practice Act as set forth in Code § 81A-106 (a) would govern, and the renunciation would be filed on time. "In computing any period of time prescribed or allowed by this Title, by the local rules of any court, [by order of court, or] by an applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. This subsection

shall apply whether the period is measured in days, months, years, or other unit of measurement of time." Code § 81A-106 (a).

It should be noted that this section applies whether the period is measured in days, months, years or other unit of measurement of time and that it covers "applicable" statutes, in this case Code § 113-824.

1. In *Davis v. U. S. Fidelity &c. Co.*, 119 Ga. App. 374 (167 SE2d 214), this court held at p. 375: " 'Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation.' See also Ferd. Mulhens, Inc. v. Higgins, 55 FSupp. 42 (SDNY). While it is contended that the phrase 'an applicable statute' contained in § 6(a) should be construed to mean a statute of limitation, it is obvious from the above authorities that the phrase refers to statutes expressly applicable to proceedings had after the commencement of action. The last sentence of our CPA § 6(a), referring to periods whether measured in 'days, months, years, or other unit of . . . time,' rather than authorizing an inference that the section could be applied to a statute of limitation, appears rather to obviate the difficulties encountered in construing Code Ann. § 102-102 (8) where the time period is described as 'a number of days.' See, e.g., *Curtis v. College Park Lumber Co.*, 145 Ga. 601 (2) (89 SE 680), holding that this section does not apply where months and years are to be computed. Thus we conclude that CPA § 6 (a) does not apply directly to determine the computation of the period of time involved in a statute of limitation."

2. The probate court is a court of record and thus is bound by the Civil Practice Act. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13).

3. We hold that the renunciation filed herein was part of the probate proceedings already commenced in the case by virtue of the application and granting of letters of administration in the probate court. The statute itself, Code § 113-824 (b), requires filing of the renunciation in the ". . . court of the county where proceedings concerning the decedent's estate are pending. . ." See also *Zeeman*

*Mfg. Co. v. L. R. Sams Co.,* 123 Ga. App. 99, 101 (179 SE2d 552).

4. We further hold that Georgia Code Ann. § 113-824 (b) is not a statute of limitation but rather a procedural rule. " 'A statute of limitations is the action of the State in determining that after the lapse of a specified time, a claim shall not be enforceable in a judicial proceeding.' " *Prudential Ins. Co. v. Sailors,* 69 Ga. App. 628 (4) (26 SE2d 557).

Code § 113-824 (b) is just what it purports to be, a method to provide a renunciation or refusal to accept or to exercise a right. Therefore, Code § 81A-106 (a) is controlling.

We are not unmindful of our recent decision in *Allstate Ins. Co. v. Stephens,* 140 Ga. App. 720 (231 SE2d 470), but we find that case not applicable since it turned on a matter of contract; moreover our holding is in accord with the construction of Code § 81A-106 contained therein.

It therefore follows that the renunciation of succession filed on Monday was timely and the trial court erred in sustaining appellee's traverse to appellant's answer in garnishment and entering judgment for appellee.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 3, 1977 — DECIDED MARCH 8, 1977 — REHEARING DENIED MARCH 28, 1977 —

*Troutman, Sanders, Lockerman & Ashmore, Alan E. Lubel,* for appellants.

*Jack K. Bohler,* for appellee.