### 53992. CITY OF MACON v. MABRY et al.

McMURRAY, Judge.

This condemnation case was appealed to a jury. After the jury returned its verdict as to the value of the property taken, evidence was presented on the issue of whether attorney fees should be granted. The jury then retired a second time to consider this issue and returned a verdict that court costs and attorney fees be paid to condemnee. The trial court set the amount of attorney fees to be paid.

The condemnor appeals complaining of the bifurcated procedure utilized and of the trial court's following a procedure promulgated by a Supreme Court decision so recent it had not yet been published. *Held:*

1. In *White v. Ga. Power Co.,* 237 Ga. 341 (1) (227 SE2d 385), the Supreme Court held that the words "just and adequate compensation" contained in Art. I, Sec. III, Par. I of the Constitution of Georgia of 1945 (Code Ann. § 2-301) are to be interpreted to include, as additional damages, attorney fees incurred by a condemnee in an eminent domain case and are also to be interpreted to include all reasonable and necessary expenses of litigation incurred by such condemnee. That case was argued on January 15, 1976, decided July 15, 1976, and rehearing denied on July 27, 1976. The trial of the case sub judice occurred on August 19 and 20, 1976, and at that time the attorneys for both parties and the trial judge had not read the opinion of the Supreme Court in that case but were aware of the general tenor of the decision. The trial court

proceeded by the procedure which he understood *White v. Ga. Power Co.,* supra, required, the Supreme Court having set forth procedural directions for handling this new feature in condemnation cases. The condemnor here contends that the court erred in following a procedure promulgated by a decision that was so recent that it had not yet been published because neither attorney before the bench nor the trial judge had seen or read the case but cites no authority for this proposition which we reject.

2. The majority of condemnor's enumerations of error challenge the procedure adopted by the trial court in implementing *White,* supra. Condemnor contends that the decision in *White* does not lay down enough procedural guidelines for the lower court to follow in presenting the issue of attorney fees and necessary cost of litigation to the jury; that the bifurcated procedure was erroneous in that the original verdict of the jury probably contained attorney fees as an element of damages and that the jury should have been permitted to consider all the testimony at one time to arrive at a just and adequate compensation. The Supreme Court in *Dept. of Transportation v. Doss,* 238 Ga. 480, 483 (233 SE2d 144) has rejected the contention that the criteria for determining attorney fees and litigation costs set out in *White* is so vague that it violates due process of law.

We are of the opinion the trial court properly followed the holding of the Supreme Court in *White* even though the record shows that the trial judge's knowledge of that decision was limited to having received a synopsis of the decision. The oldest unanimous decisions of the Supreme Court are binding on all courts, including the Supreme Court. *Hardin v. Reynolds,* 189 Ga. 589, 591 (6 SE2d 913). We note here that the *White* case was not rendered by a full bench (4-3); and it has been followed by *Dept. of Transportation v. Doss,* 238 Ga. 480, supra, also a 4 to 3 decision. But, in any event, the decisions of the Supreme Court bind the Court of Appeals as precedent (Code Ann. § 2-3708; Const. of 1945, Art. VI, Sec. II, Par. IX), and we hold the lower court did not err in following the procedure set forth in *White,* supra. See *Life Ins. Co. v. Lawler,* 211 Ga. 246, 251 (85 SE2d 1); *Moss v. Myers,* 12 Ga. App. 68 (1) (76 SE 768).

Condemnor repeatedly challenges the bifurcated nature of the procedure utilized by the trial court, arguing that the procedure of two separate jury determinations was confusing and misleading to the jury, was prejudicial to condemnor in that condemnor might thereby have to pay double damages, and that the decision of the Supreme Court shows that it was their intent that all issues be submitted to the jury at one time. It should be noted, however, that the appeal in *White* results in that case being determined in a similar manner, the trial court being directed to convene a jury in that case and submit to it the issue of whether the condemnor in that case should pay attorney fees and reasonable and necessary expenses of litigation. We, therefore, do not believe that the bifurcated procedure is inherently contrary to the intent of the Supreme Court. In the case sub judice the first determination by the jury was limited by the trial court's instructions to determination of market value or actual value; therefore, the condemnor's suggestion that attorney fees may have been included in the first verdict is unsupported in the face of the presumption that the jurors would adhere to the court's instructions.

Although we find no error in the bifurcated procedure which resulted in these circumstances, we do believe that the better practice within the guidelines set forth by the Supreme Court in *White* is to submit both questions, the question of damages in chief and the question of whether to grant condemnee attorney fees and reasonable and necessary expenses of litigation, to the jury at the same time. See *Dept. of Transportation v. Flint River Cotton Mills*, 238 Ga. 717, 718 (235 SE2d 31).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 23, 1977 — DECIDED SEPTEMBER 7, 1977.

*Raley & Exum, F. Robert Raley, Andrew McKenna,* for appellant.
*Thomas M. Jackson,* for appellees.