## 55382. GEORGIA POWER COMPANY v. WHITMIRE et al.

Smith, Judge.

This condemnation case raises substantial questions concerning (1) whether our automatic dismissal statute (Ga. L. 1953, Nov. Sess., pp. 242, 243; 1967, pp. 557, 558 (Code Ann. § 3-512)) operated to extinguish the condemnees' appeal of a special master award, and (2) whether the issue of additional damages for attorney fees and expenses of litigation was properly handled. We find no error and affirm.

I. Automatic Dismissal.

Code Ann. § 3-512, supra, provides in relevant part, "Any suit, action, or other proceeding filed in any of the courts of this State, in which no written order is taken for a period of five years, shall automatically stand dismissed..." The record in this case shows that the award of the special master was appealed by the condemnees in 1970, and the last 1970 order in the case was signed on October 2 and filed on October 6. The condemnor, and appellant here, Georgia Power, contends that no further order was

taken in the case until October 6, 1975, when the court filed an order overruling the condemnor's motion to dismiss, and that the lapse from October 6, 1970, to October 6, 1975, consumed five years, thus rendering the case automatically dismissed. The condemnees contend first that there were two intermediate orders, one in 1971 and the other in September of 1975, which tolled the five-year period, and second that, in any event, the lapse from October 6, 1970, to October 6, 1975, did not amount to five years. We agree with this latter contention only, and thus the case was not automatically dismissed.

a. The two intermediate "orders" are characterized by the condemnee as an "order continuing case" and an "order assigning case for trial." We find that neither of these so-called orders passes the test of Code Ann. § 3-512, which requires a written order, that is, "an order . . . reduced to writing and entered in the record." *Bowen v. Morrison,* 103 Ga. App. 632, 633 (120 SE2d 57) (1961). The purported order of continuance here is no more than a notation, in the judge's handwriting, placed next to the style of the case on the White County Superior Court calendar, reading, "cont. by agreement." Though this trial calendar was filed with the clerk, we cannot distinguish this case from *Dupriest v. Reese,* 104 Ga. App. 805 (123 SE2d 161) (1961), where the trial court's notation on the trial docket that a case was continued was held not to be such an order of continuance as would toll the running of the five-year period of Code Ann. § 3-512. Likewise, the second "order" urged by the condemnees, the "order assigning case for trial," presents an even weaker case, because it is simply a typewritten trial calendar, showing this case as assigned for trial during the October, 1975 term, and there is no indication that this calendar was ever filed or entered into any record. Thus, we find there to be no intervening order between October 6, 1970, and October 6, 1975, and we turn to the question whether this lapse amounted to five years within the meaning of Code Ann. § 3-512.

b. In a preliminary matter, we reject the condemnor's contention that the date when the five-year period began to run was October 2, 1970, the date an order was signed, rather than October 6, 1970, the date that

order was filed. Orders are not complete until filed or recorded, and for purposes of Code Ann. § 3-512 (as well as the parallel CPA § 41(e)) the five-year period is computed from the date of filing, for the date the signed, written order is filed is the date it is "taken." See *Milam v. Mojonnier Bros. Co.* 135 Ga. App. 208, 210 (217 SE2d 355) (1975); *Majors v. Lewis,* 135 Ga. App. 420 (218 SE2d 130) (1975).

The relevant period then is October 6, 1970, to October 6, 1975. If Code Ann. § 3-512 is construed to be a statute of limitation, then the first day of the period will be counted and the five-year period would expire on October 5, 1975. *Davis v. U. S. Fidelity &c. Co.,* 119 Ga. App. 374 (167 SE2d 214) (1969). On the other hand, if § 3-512 does not amount to a statute of limitation, then it becomes "an applicable statute" under CPA § 6(a) (Code Ann. § 81A-106(a)) and the time computation rules of § 6(a) apply. Under those rules, the first day is not counted, so the five year period does not expire until the end of October 6, 1975.

Whether § 3-512 is a "statute of limitation" is admittedly a close question. Broadly defined, a statute of limitation is "any law which fixes the time within which parties must take judicial action to enforce rights or else be thereafter barred from enforcing them." *City of Atlanta v. Barrett,* 102 Ga. App. 469, 471 (116 SE2d 654) (1960). However, for the narrower purpose of determining whether a law is a statute of limitation and therefore outside the time computation provisions of CPA § 6(a), cases have focused on whether the statute states a period applicable *before* or *after* commencement of the action, the former being a statute of limitation exempt from § 6(a): " 'Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action *and to any statutes expressly applicable to such proceedings.* It is not intended to modify and change existing statutes of limitation.' " *Davis v. U. S. Fidelity &c. Co.,* 119 Ga. App. 374, 375, supra (emphasis supplied). See also *Leathers v. Gilland,* 141 Ga. App. 681 (234 SE2d 336) (1977). These cases propose that the CPA should govern the counting of any time periods applicable subsequent to commencement of an action; therefore, we hold that Code

Ann. § 3-512 is "an applicable statute" under the time computation provision of CPA § 6(a), and is not a statute of limitation which would not come under these provisions.

The computation formula of § 6(a) dictates that "the day of the act . . . from which the period of time begins to run [i.e., October 6, 1970] shall not be included." Hence, the applicable five-year period was from October 7, 1970 to the end of the day October 6, 1975, and the order entered on October 6, 1975 was timely to prevent the case from being automatically dismissed.

## II. Additional Damages.

The Supreme Court, in *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976), broke new ground by declaring that "just and adequate compensation" to a condemnee would necessarily include attorney fees and all reasonable and necessary expenses incurred by the condemnee in litigating his claim. Subsequent cases have continued to plow this newly broken ground. E.g., *Dept. of Transportation v. Doss,* 238 Ga. 480 (233 SE2d 144) (1977); *Dept. of Transportation v. Flint River Cotton Mills,* 238 Ga. 717 (235 SE2d 31) (1977); *City of Macon v. Mabry,* 143 Ga. App. 203 (238 SE2d 123) (1977). The Supreme Court prescribed the following three-step procedure: (1) the fact finder must determine the amount of compensation to be awarded as fair market value of taken land and consequential damages to adjacent land; (2) the fact finder must then determine whether additional damages (attorney fees and litigation expenses) should be awarded; (3) and if additional damages are recommended, the trial judge shall conduct a hearing and make a determination of the amount.

The above steps were followed in the present case. The condemnor raises objection because the condemnees offered no evidence at the jury trial showing why additional damages should be recovered and because the judge nevertheless submitted the issue of recoverability to the jury. The condemnor's contentions are that such instructions were not authorized by the evidence and that it had no opportunity to enter evidence showing why additional damages *should not* be recovered.

As we see it, resolution of these issues depends upon what legal standard should be applied to determine the

factual question of whether additional damages "should be recovered." The Supreme Court has set down no explicit guidelines on the subject, but we do find in *White v. Ga. Power Co.,* supra, the statement that "reasonable and necessary expenses" should be recovered, and we find in the *Flint River Cotton Mills* case, supra, a statement that the recoverable expenses are those which the condemnee *"must incur* in order to obtain fair market value of his property taken." (The court was quoting from Justice Ingram's concurring opinion in *White.*) We glean from these cases that the precise question of fact is whether the condemnee *was required* to incur litigation expenses and attorney fees in order to be fully compensated for the taking; the test is one of necessity. Thus, the Supreme Court in *Flint River Cotton Mills,* supra, held that, as a matter of law, the expenses of litigation were not recoverable when the jury awarded the same amount for the taking as the special master had awarded, for the condemnee there did not need to incur those expenses in order to be fully compensated.

In the present case, the special master awarded compensation of $5,200, but the jury returned an award of $12,200. This increase, together with the immediately apparent facts that the condemnees hired an attorney and litigated an appeal before receiving full compensation, makes at least a prima facie showing that attorney fees and litigation expenses were necessary. Thus, the trial court was authorized to submit the additional damage issue to the jury. But we hesitate to say that the above factors are conclusive as a matter of law as to whether the additional expenses were required in order to obtain full compensation. For whether the condemnees *had* to retain an attorney and *had* to incur other litigation expenses, or whether, on the other hand, they could have obtained the same settlement without these expenses, is inherently a question for the jury under the tests set forth by the Supreme Court. The condemnor therefore is correct in contending that it should have been allowed to present evidence showing why additional expenses were not necessary and should not be recovered.

We admit that it is hard to conceive exactly what that evidence would be. But if we establish a rule which is

essentially the converse of the *Flint River Cotton Mills* rule, by holding that additional expenses are recoverable as a matter of law whenever the jury's damage award exceeds the master's award, then we would be setting up a purely mechanical rule leaving no real factual question for the fact finder; the task would be simply to compare the two awards and award additional damages if the second award exceeded the first. We do not believe this result was intended by the Supreme Court.

Though we do not hold here that a finding in favor of recoverability of additional damages was mandated as a matter of law, we do find that such a finding was required as a matter of fact. As we held, the increase in the award, coupled with the indisputable facts that the condemnees had hired an attorney and had litigated the claim, all amounts to a prima facie showing of necessity. In response to this showing, the condemnor offered no evidence whatsoever tending to show that the attorney fees and litigation expenses were not necessary. Prior to trial, an amendment to the pre-trial order noted specifically that one issue for determination was "the question of whether or not the condemnees are entitled to additional damages to include attorney fees and reasonable expenses of litigation." The condemnor thus was on notice that the additional damage issue would be submitted to the jury, and it was the condemnor's duty at trial to introduce any evidence it might have tending to show that additional damages should not be recovered. Absent any such rebuttal evidence, the presumption raised by the circumstances of the case remained unrebutted, and the evidence therefore demanded a finding that additional damages were recoverable.

The remaining enumeration of error has no merit and the judgment is therefore affirmed.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Argued March 1, 1978 — Decided April 28, 1978 — Rehearing denied May 17, 1978.

*Griggs & Butterworth, James N. Butterworth,* for

appellant.

*Telford, Stewart & Stephens, Joe K. Telford,* for appellees.