49846. TERMPLAN, INC., BOLTON v. HAYNES.

CLARK, Judge.
This appeal is from an order denying a motion which

appellant had entitled "Motion for New Trial." Although it recites the general grounds based on a verdict and judgment, the record shows there had been no jury trial. Actually, it sought to obtain a re-hearing by the trial court of an order in which the court had granted a motion by appellee-garnishee to set aside a judgment. This judgment had been rendered for plaintiff-appellant upon its motion for judgment grounded upon an alleged untimely filing of the garnishee's answer.

1. "This court will take notice of its own lack of jurisdiction and, where such lack appears, will dismiss the writ of error even without a motion to that effect by the defendant in error." *Personal Credit Corp. v. Goldwire,* 88 Ga. App. 125 (76 SE2d 129). This is our duty. *Stephenson v. Futch,* 213 Ga. 247, 248 (98 SE2d 374); *Lowe v. Payne,* 130 Ga. App. 337 (203 SE2d 309). It is thus stated in our Rule 19 which appears in Code Ann. § 24-3619 as paragraph (d): "[W]henever it appears to the court that it has no jurisdiction of a pending appeal, it will be dismissed. . . whenever and however its lack of jurisdiction may appear."

2. As the cause is still pending below and no certificate of immediate review was obtained herewith, this appeal must be dismissed as premature. See Code Ann. § 6-701; *Lee v. Smith,* 119 Ga. App. 808 (168 SE2d 880); *Finch v. Kilgore,* 120 Ga. App. 320 (170 SE2d 304); *Mayson v. Malone,* 122 Ga. App. 814 (178 SE2d 806). And see *West v. West,* 229 Ga. 649 (193 SE2d 820).

*Appeal dismissed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED NOVEMBER 21, 1974 — REHEARING DENIED DECEMBER 16, 1974.

*Richard V. Karlberg, Jr.,* for appellant.
*Ernest J. Nelson, Jr., Charles H. Hyatt,* for appellee.