## 38082. MUSGROVE et al. v. LONG.

WELTNER, Justice.

This is an appeal from the grant of a directed verdict in favor of the defendant in an action for specific performance. The parties entered into a contract which provided: "The exclusive option granted hereunder shall be exercised by Grantees at any time prior to January 31, 1974 by Grantees giving to Grantor at least thirty (30) days notice in writing of their intention to purchase the above-described real property. In the event Grantees elect to exercise this option the sale of the above-described property shall be closed during the month of January, 1974."

The grantee of the option deposited in the mail a written notice of intention to exercise the option, which was postmarked on January 1. The trial judge directed a verdict against the grantee, apparently finding that the notice of intention to exercise the option was not timely.

The issue in the case is, therefore, whether or not the exercise of the option is effective upon the mailing of notice of intent to exercise, or upon the receipt of such notice.

The factual situation of this case is reminiscent of first lessons in law school, and it is surprising that we have been unable to find any authority in our State which is directly on point. While some jurisdictions have adopted the former alternative (see Chanoff v. Fiala, 440 Pa. 424 (271 A2d 285, 288) (1970); Shubert Theatrical Co. v. Rath, 271 F 827 (2d Cir. 1921); Barnebey v. Barron G. Collier, Inc., 65

F2d 864 (8th Cir. 1933); In the Matter of the Estate of Crossman v. Mills, 231 Cal. App. 2d 370 (41 Cal. Rptr. 800) (1964)), we believe the latter to be a sounder rule. Otherwise, hearing nothing from the grantee of an option by the last day for its exercise, a grantor might well make other disposition of his property, only to receive a day or so later mail delivery of acceptance. This rule is consistent with our holding in *Hamilton v. Edwards,* 245 Ga. 810, 812 (267 SE2d 246) (1980), which deals with statutory notice requirements, as follows: "When notice is required by law to be given to a party who has the right or is required to in some way act or respond to the notice within a prescribed period of time, the date of the notice must run from the date of its receipt unless there is express statutory provision to the contrary."

Accordingly, the trial court did not err in directing a verdict in favor of the grantor of the option.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 1982.

*Underwood & Musgrove, Kenneth W. Musgrove,* for appellants. *R. Kelly Raulerson,* for appellee.