67667. J. A. CHILDS CONSTRUCTION COMPANY et al. v. GEMINI CONSTRUCTION COMPANY, INC.

McMURRAY, Chief Judge.

This action began as a suit on a contract by a subcontractor (Bacchus Company, Inc.) against a number of defendants pursuant to a contract between Metropolitan Atlanta Rapid Transit Authority (MARTA) and J. A. Childs Construction Company (Childs). United States Fidelity and Guaranty Company (U.S.F.&G.) was surety for work performed with reference to Childs' contract. The case came on for trial as to which of the parties owed the other with reference to

the claims, counterclaims and cross-claims by and between the various defendants although MARTA was dismissed prior to the trial. The jury reached a verdict in favor of defendant Gemini Construction Company, Inc. (Gemini) against defendant Childs and its surety U.S.F.&G. in the amount of $22,532.66. In rendering judgment the trial court in its final judgment stated that a settlement was reached by all parties with respect to the claims of the plaintiff and that under the terms of that settlement the defendant Childs agreed to pay the plaintiff, Bacchus Company, Inc., the sum of $5,000 in full and final settlement of all claims it had against defendants Gemini, Childs and U.S.F.&G. Gemini did, therefore, receive the $5,000 credit against any judgment subsequently entered against defendant Gemini and defendants Childs and U.S.F.&G. The $5,000 payment was made by Childs to the plaintiff, and the principal amount of the judgment was reduced from $22,532.66 to $17,532.66 with legal interest as provided by law against defendants Childs and U.S.F.&G. in favor of the defendant Gemini. This order was dated January 25, 1982. The defendants (Childs and U.S.F.&G.) moved for a new trial and also for judgment notwithstanding the verdict. Both motions were denied by the trial court on November 19, 1982. In Case No. 66410 (later dismissed) these defendants appealed.

Thereafter on December 16, 1982, the attorneys for the defendants Childs and U.S.F.&G. orally by telephone reached a settlement of the case for the sum of $12,500, that is, the defendants Childs and U.S.F.&G. contend that each attorney had received authority from his respective client to enter into the settlement in consideration of which Gemini was to execute a general release agreement in favor of the defendants and dismiss with prejudice the above captioned case. The settlement proceeds and form of release agreement were to be delivered to the offices of Gemini's attorney on December 20, 1982. However, Gemini's attorney contends there were certain remaining details of the settlement which had not been negotiated and these were to be negotiated on December 20, 1982, contending there were express restrictions placed upon this attorney, one of which was that the defendant Gemini did not give its attorney authority to waive the right to prosecute for the delinquency in payment. On December 20, 1982, counsel for this defendant refused to execute the settlement agreement.

A motion for enforcement of settlement was filed in the same case. The motion states that the notice of appeal shown above was then filed and was still pending. However, we note here that same (Case No. 66410) was withdrawn in this court, dated April 14, 1983. The motion seeks to require that Gemini be required to complete the settlement and compromise on the terms and conditions heretofore described. A hearing before the trial court was held although no rule

nisi issued with respect to same. On May 13, 1983, after argument of counsel and consideration of the matter the motion was overruled and denied. The defendants Childs and U.S.F.&G. appeal. *Held*:

In the hearing counsel for the opposing parties stated in their place as to what occurred with reference to the oral settlement agreement. However, counsel for defendant Gemini contends that counsel had authority to consummate the settlement but "the completion of the agreement was not going to be perfected and had until the clients . . . signed and approved the dismissal with prejudice, accepted the tendered consideration [\$12,500] . . . and also received the release." These things did not happen and even though the release was tendered his client did not accept the money and counsel contends and so stated he "could not orally bind [the] client to any agreement at that particular time until after we signed those papers [and] those papers were never signed, delivered and perfected," hence there was no agreement. The trial court orally ruled, in effect, after hearing the argument and considering the matter that possibly there was something to be tried before a jury but that he was unable to determine same and declined to grant any relief.

By supplemental brief the appellate defendants contend we are controlled by the ruling of the Supreme Court in *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544), s.c. 169 Ga. App. 816 (315 SE2d 11). However, that case involves the issue of whether or not the trial court properly granted a motion for summary judgment. Here, however, while the main case has reached its finality, these defendants have filed in the same case a motion amounting to a petition to enforce a settlement agreement. No rule nisi was issued but the trial court did hold a hearing. Construing same (as we do here) as a judgment on the pleadings after consideration of evidence (the lawyers stating in their place as to what occurred), the judgment amounts to the denial of summary judgment. The appeal is, therefore, premature inasmuch as there is no certificate for immediate review, and this court has not issued an order authorizing an appeal. See such cases as *F. N. Roberts Corp. v. Turman*, 131 Ga. App. 689 (206 SE2d 579); *Holloway v. McMichael*, 151 Ga. App. 802 (261 SE2d 747); *Padgett v. Cowart*, 232 Ga. 633 (208 SE2d 455); *Henderson v. Atlanta Transit System*, 233 Ga. 82 (210 SE2d 4); *Walker's LP Gas v. Pye*, 131 Ga. App. 405 (206 SE2d 139); *Termplan, Inc., Bolton v. Haynes*, 133 Ga. App. 562 (211 SE2d 611); *Gamble v. United States Fid. &c. Co.*, 135 Ga. App. 85 (217 SE2d 403); *Merck v. Gober*, 135 Ga. App. 591 (218 SE2d 641); *Shuford v. Jackson*, 139 Ga. App. 469 (228 SE2d 605); *Haldi v. Allen*, 141 Ga. App. 414 (233 SE2d 478); *Kristensen v. Kristensen*, 238 Ga. 294 (232 SE2d 564); *Wall v. T. J. B. Services*, 141 Ga. App. 437 (233 SE2d 810).

*Appeal dismissed. Deen, P. J., concurs. Sognier, J., concurs in*

*the judgment only.*

DECIDED MARCH 15, 1984.

*Donald D. Smith*, for appellants.
*J. Ed Segraves, Tony L. Axam*, for appellee.