## 69198. AUSBURN v. ANTHONY.
(326 SE2d 588)

SOGNIER, Judge.

Fred Anthony, Jr. filed a dispossessory warrant against his tenant, Laura Ausburn, d/b/a A-Woof-A-Whinney-A-Purr. The trial court denied Ausburn's motion for partial summary judgment on the construction to be given the renewal provision in the lease and found in favor of Anthony on summary judgment. Ausburn appeals.

Appellant contends the trial court erred by granting summary judgment in favor of appellee and denying her motion for partial summary judgment because appellant timely exercised her option under the lease to renew the lease of the disputed premises. The lease provided that appellant would pay appellee monthly rent for 3 years "with an option to renew by written notice 60 days in advance of expiration of lease." The expiration date was August 31, 1983. Appellant's letter with written notice of her option to renew was postmarked July 5, 1983. Appellee admitted he received the letter July 6, 1983.

Appellee argues that the appropriate date for measuring whether notice was timely given was July 2, 1983. It is uncontroverted that July 2, 1983, was a Saturday, the third of July a Sunday, and Monday the fourth a public and legal holiday. OCGA § 1-3-1 (d) (3) provides: "when a number of days is prescribed for the exercise of any privilege or the discharge of any duty, only the first or last day shall be counted; and if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty. When the last day prescribed for such action falls on a public and legal holiday as set forth in Code Section 1-4-1, the party having the privilege or duty shall have through the following day to exercise the privilege or to discharge the duty; however, when the following day is a Saturday or Sunday, the party shall have through the following Monday to exercise the privilege or to discharge the duty."

OCGA § 1-3-1 (d) (3) applies by analogy to the interpretation of contracts. *Brooks v. Hicks*, 230 Ga. 500, 502 (197 SE2d 711) (1973). In

the case sub judice, the last day fell on a Saturday; therefore, appellant had until the following Monday to exercise the privilege or discharge the duty involved. Since Monday thus became the last day for the prescribed action, and Monday the fourth of July is a public and legal holiday under OCGA § 1-4-1 (a) (1), appellant had until the following day, July 5, 1983, to timely exercise her option. Appellee argues that *Brooks*, supra, is distinguishable because there the last day was a Sunday, and the business in that case was not lawfully allowed to transact business on a Sunday. However, OCGA § 1-3-1 (d) (3) does not make any distinction between Saturday and Sunday and we will follow the statutory language to the extent that it applies. *Allstate Ins. Co. v. Stephens*, 239 Ga. 717, 718 (238 SE2d 382) (1977).

The trial court granted summary judgment to appellee, citing *Musgrove v. Long*, 248 Ga. 902 (287 SE2d 23) (1982) and *Menke v. First Nat. Bank of Atlanta*, 168 Ga. App. 495 (309 SE2d 835) (1983), on the basis that the operative date was the date of receipt of the notice, rather than the date of posting. The trial court determined that appellant's notice was untimely based on the uncontroverted evidence that appellee did not receive the notice until July 6, 1983.

In *Musgrove*, supra at 902 the contract provision stated that the exclusive option would be exercised "by Grantees *giving* to Grantor at least thirty (30) days notice in writing . . . ." (Emphasis supplied.) In *Menke*, supra at 497-498, this court found that due to the language in the promissory notes, "[t]he operative provision in the notes . . . obligated appellee to "give" appellant notice, not merely to send him notice," and therefore that posting in itself was not sufficient as notice. *Menke* called attention to the narrowness of its holding by emphasizing that it applied only to those notes where "given written notice" is provided for specifically. Id. at 499.

We do not find *Musgrove*, supra, or *Menke*, supra, applicable here where there is no specific contract language requiring the lessee to "give" notice to the lessor. Thus, the lease provision that appellant "renew by written notice" easily can be read either as "renew by [*giving*] written notice" or "renew by [*sending*] written notice." This ambiguity in the meaning of the phrase "renew by written notice" exists after application of all applicable rules of construction and therefore a question of fact remains as to what the parties meant by that phrase. See *Farm Supply Co. of Albany v. Cook*, 116 Ga. App. 814, 816 (1) (159 SE2d 128) (1967). Thus, the trial court properly denied appellant's motion for summary judgment on the construction to be given this provision but erred by granting appellee's motion for summary judgment on this issue.

*Judgment affirmed in part; reversed in part. McMurray, P. J., concurs. Deen, P. J., concurs specially.*

DECIDED FEBRUARY 5, 1985 —
REHEARING DENIED FEBRUARY 22, 1985 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Charles A. Mullinax*, for appellant.
*G. William Thackston, Jr.*, for appellee.

DEEN, Presiding Judge, concurring specially.

The trial court relied partly upon *Menke v. First Nat. Bank of Atlanta*, 168 Ga. App. 495 (309 SE2d 835) (1983), and the majority opinion cites this same case three times although indicating in the instant case that it is inapplicable. It should be pointed out that this cited case was a one-judge case in which two judges concurred specially, which even if factually applicable would not have precedential value.