42110. ANTHONY v. AUSBURN.
(330 SE2d 724)

WELTNER, Justice.

The parties are landlord and tenant to a lease agreement which, under its terms, expired at midnight on August 31, 1983. The lease gave to the tenant "an option to renew by written notice 60 days in advance of the expiration of the lease." On the 60th day before expiration, the tenant mailed a written notice purporting to exercise the option. The notice was received by the landlord on the following day. The tenant brought suit upon the landlord's rejection of the notice as untimely, and the landlord's motion for summary judgment was granted by the trial court.

The Court of Appeals reversed, finding a factual issue, and we granted certiorari to consider whether this case is governed by *Musgrove v. Long*, 248 Ga. 902 (287 SE2d 23) (1982). See *Ausburn v. Anthony*, 173 Ga. App. 505 (326 SE2d 588) (1985).

In *Musgrove v. Long*, supra, we held that the exercise of an option is effective only upon receipt of notice of its exercise. "Otherwise, hearing nothing from the grantee of an option by the last day for its exercise, a grantor might well make other disposition of his property,

only to receive a day or so later mail delivery of acceptance." 248 Ga. at 903. The Court of Appeals viewed *Musgrove* as inapplicable, because the language of that agreement required exercise of the option by "giving . . . notice," whereas the present lease speaks only of renewal "by written notice."

While the holding in *Musgrove* does not expressly so state, we consider that it announced a general rule relative to requirements as to written notice. The policy grounds upon which it was based apply alike to the lease agreement of this case (requiring only "written notice"), and to the option in *Musgrove* (requiring "giving . . . notice").

Accordingly, the trial court's grant of summary judgment to the landlord was proper.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 19, 1985.

*Raiford, Dixon & Thackston, G. William Thackston, Jr.,* for appellant.
*Howard, Cook & Mullinax, Alan Mullinax,* for appellee.