43889. TST, LTD., INC. v. HOUSTON.
(353 SE2d 26)

WELTNER, Justice.

TST, Ltd., Inc. paid $12,000 for an option to purchase a tract of land owned by Houston. The contract provided, in essence, that the option to purchase must be exercised by concluding the land transfer "between January 1, 1985 and January 30, 1985 at a time and place in Atlanta, Georgia, designated by Purchaser to Seller at least five (5) days prior to the Closing Date." Another provision required that any notices required to be given must be in writing. TST gave no written notice as to a closing time, place, and date pursuant to the agreement. Rather, on the evening of January 29, a representative of TST's closing attorney delivered to Houston's residence (knowing that Houston then was out of town) a demand for a January 30 closing. Houston was out of town from January 28 until January 31. There was no closing. TST sought specific performance or, in the alternative, money damages. The trial court granted Houston's motion for summary judgment.

1. TST contends that the grant of summary judgment was error because a genuine dispute of a material fact remains. TST asserts (and Houston denies) that a secretary for TST's closing attorney spoke with Houston on the telephone on Friday, January 25. TST alleges that the secretary requested a closing at 10:00 a.m. on January 30, to which Houston responded, "You have caught me at a bad time," stating that he would call the secretary again on Monday, January 28.

TST asserts that this telephone conversation provides evidence that Houston waived the right to insist upon five days written notice of the closing. Assuming the truth of the secretary's assertions, they are not sufficient to constitute a waiver of the provisions of the agreement.[1] "Waiver may be established by expressed statements or im-

---

[1] (a) The secretary of the closing attorney stated in a sworn deposition:

"And when I got him on the phone, the phone rang several times and he answered. And I identified myself as who I was, the law firm I was with, that I represented — we represented the purchaser and that we were trying to get out (sic) calendar set up because at the end of the month we do quite a few real estate closings, and I tried to set a time convenient with him, and right now we had 10:00 o'clock on our calendar, and would that be all right with

plied by acts and conduct from which an intention to waive may reasonably be inferred. Ordinarily, mere silence is not sufficient to establish a waiver unless there is an obligation to speak." *Jordan v. Flynt*, 240 Ga. 359, 366 (240 SE2d 858) (1977). Compare *Smothers v. Nelson*, 246 Ga. 216 (271 SE2d 137) (1980), (repeated agreement to accept interim payments after due date constituted waiver). Nothing that TST alleges as fact altered its obligation, or its ability, to comply with the unambiguous requirement for written notice.

2. Nor has TST suffered a forfeiture. TST purchased the right to bind Houston's land for a period of time until TST decided whether to purchase the land. The land was so bound from December 1983, when the option agreement was signed, until January 30, 1985, when it expired by its own terms. "[B]ecause of the singular one-sidedness of an option contract in creating, for a stated duration, an irrevocable offer of the optionor, the law requires that the optionee perform all of its obligations under that contract with particular timeliness." *Barkley-Cupit Enterprises, Inc. v. Equitable Life Assurance Society of the U. S.*, 157 Ga. App. 138, 141 (276 SE2d 650) (1981). See also *Musgrove v. Long*, 248 Ga. 902 (287 SE2d 23) (1982). There was no error.

*Judgment affirmed. All the Justices concur.*

---

him, and I said I needed to get this cleared up so I could get the papers on out and get them done. And he paused for a long time and then he said, 'You have caught me at a bad time.' And I said, 'Well, I'm sorry,' you know. . . . So I said — I gave him my name and number and he said he would call me on Monday morning." She also gave an affidavit to these matters.

(b) Houston's deposition is, in part, as follows:

Question: "But you are positive that you didn't receive a call from anyone who identified herself as being with the closing attorney, for the purpose of scheduling a closing on this . . . property, on Friday the 25th?"

Answer: "No, sir, Bill. I did not talk to anybody. I mean, something that important, I would have remembered."

Question: "You would have remembered it if you had received it?"

Answer: "I would have remembered it."

Additionally, Houston answered a Request for Admissions, asking him to "Admit or deny that you received a telephone call on or about January 25, 1985, from a person who identified herself as Sylvia Bates, Secretary of Charles B. Withers, Attorney at Law, regarding the scheduling of a closing between you and TST, LTD., INC." as follows: "Denied." Houston also signed a sworn affidavit that "He was not contacted by anyone on January 25, 1985, by telephone or otherwise; He did not respond to a caller that he had been caught at a bad time; He did not agree to return a telephone call; He did not request a caller to call him back."

(c) There is a mathematical possibility that both witnesses are truthful. It is conceivable that the secretary may have spoken with (unbeknownst to her) some unnamed third party, who assumed the identity of Houston, and responded to her statements as indicated in her testimony. In that event, both the secretary and Houston would be telling the truth.

The likelihood of that taking place (which must include the significant question of why anyone should wish to conduct such a charade) need not be assessed.

DECIDED FEBRUARY 18, 1987.

*Webb, Fowler & Tanner, William G. Tanner, Keith W. Mason,* for appellant.

*Tennant, Davidson & Thompson, V. Lee Thompson, Jr., Victoria E. Sweeny, Brock E. Perry,* for appellee.