73778. GEMINI CONSTRUCTION COMPANY, INC.
v. CHILDS et al.
(355 SE2d 81)

SOGNIER, Judge.

The background to this action by J. A. Childs Construction Company (Childs) and others seeking to enforce the terms of an oral settlement negotiated with Gemini Construction Company (Gemini), is fully set forth in *J. A. Childs Constr. Co. v. Gemini Constr. Co.*, 170 Ga. App. 314 (316 SE2d 606) (1984). In that case we dismissed the appeal from the trial court's denial of Childs' motion to enforce

the settlement on procedural grounds. On remand, a bench trial was had and a judgment was entered in favor of Childs. Gemini appeals.

Appellant challenges the sufficiency of the evidence supporting the trial court's finding that an oral agreement existed and that the settlement effected by the agreement was full, final and complete. "When a trial court sits as both judge and jury, the court's findings of fact are binding on appeal, and, unless wholly unsupported or clearly erroneous, will not afford a basis for reversal. OCGA § 9-11-52 (a); [Cit.] On appeal, this court must not substitute its judgment for that exercised by the trial court when there is some support for the trial court's conclusion. Our duty is not to weigh evidence de novo, but to merely determine if there is any evidence which supports the judgment below. [Cit.]" Cessna Fin. Corp. v. Design Engineering, 176 Ga. App. 206, 208 (335 SE2d 625) (1985). Appellees' counsel testified that the items appellant now claims were not resolved in the settlement agreement were never mentioned to him during the negotiation period in question and formed no part of the deliberations surrounding the agreement. Appellant's former attorney who negotiated the agreement testified he had the authority to reach a settlement in the sum agreed upon but had "no recollection" whether the allegedly unresolved items were discussed on the date the trial court found a settlement was reached. "Even in the face of conflicting evidence, the trial court's judgment will be upheld as long as there is 'any evidence' to uphold the lower court's determination. [Cit.]" Id. Brumbelow v. Northern Propane Gas Co., 251 Ga. 674 (308 SE2d 544) (1983), cited by appellant, is distinguishable in that it involved OCGA § 15-19-5 and carefully distinguished OCGA § 15-19-6, id. at 674, fn. 1, which is the applicable statute here. We find no error in the trial court's order returning to appellees all funds (including accrued interest) over and above the settlement amount deposited by appellees into court during the pendency of the litigation. There is no evidence of record that appellees were obligated under the settlement agreement to pay appellant any interest on the amount negotiated by the parties. Since the amount in issue was determined contractually, the authority appellant cites regarding interest on judgments is not applicable.

Accordingly, there being some evidence to support the trial court's determination, the judgment below must be affirmed. See Cessna Fin. Corp., supra; Holcomb v. Evans, 176 Ga. App. 654, 655 (1) (337 SE2d 435) (1985).

Judgment affirmed. McMurray, P. J., and Beasley, J., concur.

Decided March 3, 1987 —
Rehearing denied March 18, 1987.

Henry Randolph, Jr., *pro se.*
*Charles E. Walker, Donald D. Smith,* for appellees.