### 77832. EVERGREEN PROPERTIES v. STAFFORD.
(379 SE2d 582)

POPE, Judge.

Appellant-lessor filed this dispossessory action, alleging that appellee-lessee was holding over pursuant to a five-year commercial lease agreement. The lease contained a special stipulation, attached as an addendum to the agreement, which gave the lessee the option to renew the lease for an additional five-year term at an increased rental rate. The jury returned a verdict for the lessee, on the theory that he had effectively exercised his option to renew the lease. The lessor appeals from the denial of its motion for directed verdict and its motion for judgment notwithstanding the verdict.

" '(T)he standards for granting a motion for judgment n.o.v. are the same as those governing the direction of a verdict. (Cit.) "Thus, the motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a 'one-way' verdict proper, judgment n.o.v. should not be awarded . . . ." ' *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (1) (256 SE2d 916) (1979)." (Punctuation omitted.) *Wipo, Inc. v. Cook*, 187 Ga. App. 7, 8 (369 SE2d 306) (1988).

In order to exercise the option to renew, the lessee was required to "give lessor a written sixty (60) day notice prior to the expiration

of the term indicating lessee's intention to renew." Defendant testified at trial that he timely mailed the notice to the lessor's rental agent. The rental agent testified that he did not receive the notice and the record shows that it was sent to the wrong address. Although the lessee testified that the notice was sent certified mail, return receipt requested, he could not locate the return receipt showing that it had actually been received by the addressee.

"In *Musgrove v. Long*, [248 Ga. 902 (287 SE2d 23) (1982) our supreme court] held that the exercise of an option [to renew] is effective only upon receipt of notice of its exercise." *Anthony v. Ausburn*, 254 Ga. 472 (330 SE2d 724) (1985). Inasmuch as the evidence presented by the lessor that neither it nor its agent received notice of the lessee's intention to exercise the option is uncontroverted by direct evidence, we agree with the lessor that, as a matter of law, the lease was not renewed.[1] Accord *Turman v. MacLachlan*, 257 Ga. 69 (354 SE2d 825) (1987). Consequently, the trial court erred in failing to grant the lessor's motion for judgment notwithstanding the verdict and is hereby directed to enter judgment for the lessor.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur. Benham, J., disqualified.*

DECIDED FEBRUARY 22, 1989 —
REHEARING DENIED MARCH 9, 1989 —

*McLain & Merritt, Stephen V. Kern, Neil S. Morrisroe*, for appellant.
*Heyman & Sizemore, Michael R. Hurst*, for appellee.

---

[1] We therefore find it unnecessary to consider the lessor's contention that the attempted notice was ineffective because it was sent to the rental agent and not the lessor.