## A91A1824. COUNTRY PRIDE HOMES, INC. v. DuBOIS et al.

(412 SE2d 282)

BIRDSONG, Presiding Judge.

This is an appeal from a judgment following a trial without jury, in an action by appellees Charles and Carol DuBois against Country Pride Homes, Inc., for breach of contract and fraud in the inducement involving the DuBoises' execution of a purchase contract. The trial court made extensive findings of fact and conclusions of law, finding that by promising and representing to appellees that certain options were available, Country Pride Homes' salesman induced them to agree to purchase a mobile home and to execute a check for $6,800, when the salesman knew the options were not available or recklessly misrepresented the fact. The options appellees chose were "blue sculpted" carpet and a window in the utility room. The salesman wrote the options on a separate paper which he signed contemporaneously with the contract execution. This was on Saturday. On Monday, appellees were told the options were not available. They decided not to go through with the purchase. Country Pride Homes refused to return their money on grounds it had an enforceable contract, although it had also altered the financial terms of the purchase, including changing the cash price, after appellees executed the contract. The trial court gave judgment to appellees for a return of their money plus interest, and attorney fees. *Held*:

1. Appellant Country Pride Homes contends the trial court erred in its construction of the contract and the evidence. We have reviewed the trial court's well reasoned findings and conclusions, and find the judgment to be supported by the evidence. Appellant's view of the case is essentially a dispute of the facts found by the trial court. Appellant contends the "blue sculpted" carpet which appellees chose was not unavailable, but that appellees neglected to examine the carpet samples when they signed the contract on Saturday and then changed their minds after looking at the samples on Monday.

These facts have been found adversely to appellant, and since the evidence supports the trial court's findings of fact, we are not authorized to consider the appeal in light of contrary facts as argued by appellant. When a trial court sits as both judge and jury, the court's findings of fact are binding on appeal and, unless wholly unsupported or clearly erroneous, will not afford a basis for reversal; on appeal this court must not substitute its judgment for that exercised by the trial court when there is some support for the trial court's conclusion; our duty is not to weigh evidence de novo, but merely to determine if there is any evidence which supports the judgment below; and on appeal we construe the evidence with every inference and presumption in favor of upholding the verdict. *Target Properties v. Gilbert*, 192 Ga. App. 161, 162 (384 SE2d 188).

The judgment below is fully supported by evidence and authorized by the law of contract interpretation including OCGA § 13-2-2. The trial court was authorized to find that the contract had no firm agreement as to cost and was unenforceable (*Charter &c. Co. v. Urban Med. Svcs.*, 136 Ga. App. 297, 298 (220 SE2d 784)) because certain terms were changed after it was signed (see *Vlass v. Walker*, 86 Ga. App. 742 (72 SE2d 464)); and that the salesman fraudulently induced appellees to execute the contract by representing that "blue sculpted" carpet was available when he knew it was not or recklessly asserted the fact with intent to deceive (see *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855 (294 SE2d 533); OCGA § 23-2-52).

2. Appellant's assertion that an attorney fee award is unauthorized because this is not an action ex delicto is in error. An award of attorney fees is authorized "where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." OCGA § 13-6-11. This statute specifically refers to actions in contract and may apply to suits where recovery as to a contract lies in both contract and tort, that is, where the contract was procured or transacted in bad faith or was induced by fraud and deceit. *Canal Ins. Co. v. Lawson*, 123 Ga. App. 376 (181 SE2d 91). The evidence supports the award of attorney fees in this case.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED NOVEMBER 4, 1991.

*Herndon, Chestnut & Rosenblum, Herbert J. Chestnut*, for appellant.

*Karsman, Brooks & Calloway, R. Kran Riddle*, for appellees.